**WORLD FAMOUS DRINKING EMPORIUM, INC., an Arizona corporation; Robert Eve and Michael Miller, Plaintiffs-Appellants,**

v.

**CITY OF TEMPE, a municipal corporation; Tempe Board of Adjustment; the Honorable Paul LaPrade, Maricopa County Superior Court Judge, Defendants-Appellees.**

No. 85–2796.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1986.

Decided June 26, 1987.

As Amended Aug. 12, 1987.

Michael B. Scott, Phoenix, Ariz., for plaintiffs-appellants.

W. Kent Foree, Tempe, Ariz., for defendants-appellees.

Before KENNEDY, TANG and THOMPSON, Circuit Judges.

TANG, Circuit Judge:

Appellant World Famous Drinking Emporium, Inc. ["World Famous"] appeals from the judgment of dismissal of its claim under 42 U.S.C. § 1983, entered upon the basis of the abstention doctrine as enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

### FACTS AND PROCEEDINGS:

Pursuant to a municipal zoning ordinance [1] World Famous sought an entertain-

---

1. The ordinance read in pertinent part:
 "4. The granting of such use permits rests with the sole discretion of the Board or Commission and Council upon finding that the use covered by the permit, the manner of conducting the same, and any building which is involved will not be detrimental to persons residing or working in the vicinity, to adja-

ment use permit from Tempe for a nightclub featuring live entertainment in the form of female "go-go" and "flash" dancers.[2]

### World Famous I

The Tempe Board of Adjustment ["the Board"] held its first hearing on World Famous' application in November 1983. The Board denied the application. Upon reconsideration in January 1984, the Board denied the application a second time. World Famous then sought to overrule the Board by way of a "special action" proceeding in Maricopa County Superior Court.[3] Judge Marquardt upheld the Board.

### World Famous II

World Famous' continued operation led Tempe to file criminal proceedings and a civil enforcement action. In the latter action, Tempe sought preliminary and permanent injunctive relief. World Famous opposed Tempe's request by arguing, inter alia, the unconstitutionality of the zoning ordinance. Judge LaPrade granted the preliminary injunction on September 27, 1984. World Famous complied with the terms of the injunction and ceased presenting go-go and flash dancing. Following denial by the Arizona Supreme Court of special action relief, Tempe dismissed the criminal proeeding. Judge LaPrade denied World Famous' motions to dissolve the injunction and to dismiss the case, and granted Tempe's motion for summary judgment.

### World Famous III

World Famous again sought the requisite use permit without success, and filed another special action petition in Superior Court, which was dismissed by Judge Howe on August 16, 1985.

### World Famous IV

World Famous filed its § 1983 action on July 17, 1985 in United States District Court for the District of Arizona. Based solely upon the abstention doctrine as enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Judge Strand granted Tempe's motion to dismiss on September 8, 1985, stating in his memorandum:

> The issue of the constitutionality of the Tempe zoning ordinance is presently before the trial court in this case and would be subject to appellate review in the state court should an aggrieved party elect to take such action.

World Famous timely appealed.

### DISCUSSION:

 The decision whether to abstain under *Younger* is reviewable de novo. *Goldie's Bookstore, Inc. v. Superior Court of California*, 739 F.2d 466, 468 (9th Cir.1984). *See also Fresh International Corp. v. Agricultural Labor Relations Board*, 805 F.2d 1353, 1356 (9th Cir.1986). "When a case falls within the proscription of *Younger*, a district court must dismiss the federal action." *Id.* When a case involves absten-

---

cent property, to the neighborhood, or to the public welfare in general....
In arriving at the above determination, the facts which shall be considered shall include, but not be limited to, the following:
 a. Damage or nuisance arising from noise, smoke, odor, dust, vibration or illumination.
 b. Hazard to persons and property from possible explosion, contamination, fire or flood.
 c. Hazard occasioned by unusual volume or character of traffic.
 d. Character of proposed building and site.
 e. A demonstrated need of such use.
 * * * * * *
6. Any use permits granted may be subject to such conditions as the Board, or Commission and Council deem applicable in order to fully carry out the provisions and intent of this Ordinance."

**2.** The terms "go-go" and "flash" dancing in the instant case denote dancing by performers wearing opaque material covering the nipples and areolas of the breasts and bikini-type bottoms.

**3.** The scope of special action review is established by Rule 3 of the Arizona Rules of Procedure for Special Action, which reads in pertinent part:
"The only questions that may be raised in a Special Action are:
(a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or
(b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or
(c) Whether a determination was arbitrary and capricious or an abuse of discretion."

tion on some ground other than *Younger,* e.g., abstention under *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), we have stated that the standard of review is one of abuse of discretion, with the discretion to "be exercised within the narrow and specific limits prescribed by the particular abstention doctine involved." *C-Y Development Co. v. City of Redlands,* 703 F.2d 375, 377 (9th Cir.1983) (quoting *Pue v. Sillas,* 632 F.2d 74, 78 (9th Cir.1980)). *See also Fresh International Corp.* at 1356 n. 2. In the case at bench, the district court abstained on the basis of *Younger.* No other abstention principle is involved. Our review, therefore, is de novo.

 Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Absent significant countervailing interests, the federal courts are obliged to exercise their jurisdiction. *Id.; County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). In *Younger v. Harris,* the Supreme Court held that federal courts should not enjoin pending state criminal proceedings except under extraordinary circumstances where the danger of irreparable loss is both great and immediate. 401 U.S. at 46, 91 S.Ct. at 751. *Id.* Three requirements have evolved for proper invocation of *Younger:* (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings. *Goldie's,* 739 F.2d at 469 (citing *Middlesex Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1981)). Bad faith prosecution or harassment make abstention inappropriate even where these requirements are met. *Younger,* 401 U.S. at 47–49, 91 S.Ct. at 752–53. Similarly, satisfaction of the three requirements will not support abstention where a statute is flagrantly and patently violative of constitutional prohibitions. *Id.* at 53–54, 91 S.Ct. at 755–56.

### 1. Ongoing State Proceedings

 At the time the district court abstained, World Famous had yet to appeal the adverse judgments in *World Famous II* and *World Famous III* to the state Supreme Court. Failure to exhaust state appellate remedies satisfies the requirement that there be "ongoing judicial proceedings" in order to justify federal abstention. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608–09, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975). A First Amendment challenge does not alter the propriety of abstention in such a case. *See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* — U.S. —, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986) (abstention proper where a First Amendment challenge may be raised in state court review of an administrative proceeding); *Huffman,* 420 U.S. at 612–13, 95 S.Ct. at 1212, 43 L.Ed.2d 482 (1975).

### 2. Important State Interest Implicated in State Proceedings

 *Younger* abstention is not limited to ongoing state criminal proceedings, *see, e.g., Huffman,* 420 U.S. at 609, 95 S.Ct. at 1210. It extends to certain civil proceedings provided those proceedings implicate important state interests. *See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* — U.S. —, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (1986) (state civil rights enforcement proceedings); *Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (temporary removal of child in child-abuse context); *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (proceeding for recovery of fraudulently obtained welfare benefits); *Middlesex,* 423 U.S. at 432, 102 S.Ct. at 2521 (state bar discipline proceedings); *Huffman,* 420 U.S. at 605, 95 S.Ct. at 1208 (state nuisance proceeding akin to criminal prosecution). In evaluating whether the proceedings implicate important state interests, we examine the nature of the proceedings. The fact that the noncriminal proceedings closely relate to criminal proceedings, *see Huffman,* 420 U.S. at 604, 95 S.Ct. at 1208, or vindicate important state policies, *see Trainor,* 431 U.S. at 445, 97 S.Ct. at 1919, or are necessary for the

functioning of the state judicial system, *see Juidice v. Vail*, 430 U.S. 327, 336, 97 S.Ct. 1211, 1217, 51 L.Ed.2d 376 (1977), demonstrates an important state interest. *See Middlesex*, 457 U.S. at 431, 102 S.Ct. at 2520. In each of these cases, the state was a party to the proceedings. *See Miofsky v. Superior Court*, 703 F.2d 332, 337 (9th Cir.1983). *See also Worldwide Church of God, Inc. v. California*, 623 F.2d 613, 616 (9th Cir.1980) (state receivership order pursuant to investigation and regulation of fraud in charitable trusts), *cert. denied*, 449 U.S. 900, 101 S.Ct. 270, 66 L.Ed.2d 130 (1980); *Rosenthal v. Carr*, 614 F.2d 1219, 1220 (9th Cir.) (state bar disciplinary proceedings), *cert. denied* 447 U.S. 927, 100 S.Ct. 3024, 65 L.Ed.2d 1121 (1980).

■ Here, Tempe brought a civil action in order to obtain compliance with an ordinance which aims at avoidance of public nuisances. It had the option of proceeding either by civil or criminal enforcement of its municipal ordinance; the option of criminal enforcement demonstrates the importance of the underlying state interest. *See Trainor*, 431 U.S. at 449–50, 97 S.Ct. at 1920–21 (Blackmun, J., concurring). Such an action, in aid of and closely related to Tempe's zoning ordinance and akin to a criminal prosecution, clearly involves an important state interest. *See Middlesex*, 457 U.S. at 434, 102 S.Ct. at 2522 (state bar disciplinary action); *Trainor*, 431 U.S. at 444, 97 S.Ct. at 1918 (civil proceeding brought to recover fraudulently obtained welfare payments); *Huffman*, 420 U.S. at 604, 95 S.Ct. at 1208 (public nuisance action). *Cf. Playtime Theatres, Inc. v. City of Renton*, 748 F.2d 527, 532–33 (9th Cir. 1984) (city's suit for declaratory relief not similar to criminal or "quasi-criminal" proceedings, nor did it involve interests vital to operation of state government), *rev'd on other grounds*, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986); *Goldie's*, 739 F.2d at 469 (private unlawful detainer action does not implicate state interests); *Miofsky v.*

*Superior Court*, 703 F.2d 332, 338 (9th Cir.1983) (private tort litigation does not implicate state interests). As such, the second requirement for the proper invocation of *Younger* abstention is satisfied.

### 3. Adequate Opportunity to Raise Federal Question

World Famous has failed to demonstrate how review of the adverse judgments in the state courts would not have permitted an opportunity to litigate its constitutional claims. That World Famous failed to avail itself of the opportunity to litigate its constitutional claim in the state forum, does not demonstrate that the state forum did not provide an opportunity to litigate that claim. *See Juidice v. Vail*, 430 U.S. 327, 337, 97 S.Ct. 1211, 1218, 51 L.Ed.2d 376 (1977). World Famous had an opportunity to pursue its constitutional claim upon appeal in the state courts,[4] and failed to do so. No more is required for *Younger* abstention. *See Ohio Civil Rights Commission*, 106 S.Ct. at 2724; *Moore*, 442 U.S. at 426, 99 S.Ct. at 2379; *Juidice*, 430 U.S. at 337, 97 S.Ct. at 1218.

Further, the record reveals no harassment or bad faith on the part of Tempe in bringing the civil enforcement and criminal proceedings which would make abstention improper. *See Huffman*, 420 U.S. at 611, 95 S.Ct., at 1211.

We hold abstention was proper and the merits of the constitutionality issue are not properly before this Court. *See Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). *See also Huffman*, 420 U.S. at 602, 95 S.Ct. at 1207 (facial invalidity of statute is not exceptional circumstance justifying federal interference with state criminal proceedings) (citing *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 754–55).

We also decline to consider World Famous' estoppel argument. World Famous

---

4. We note that the scope of review of a special action provides for consideration of "[w]hether the defendant has proceeded ... without or in excess of jurisdiction or legal authority." Ariz. Rev.Stat.Ann., Rules of Procedure for Special

Actions 3 (1973). It appears that the state courts could construe municipal ordinances in light of federal constitutional law. *Cf. Ohio Civil Rights Committee*, 106 S.Ct. at 2724.

fails to provide us with a reason for its failure to raise the estoppel issue below. Nor is the estoppel determination one of law whose proper resolution is beyond any doubt, *see Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir.1980). Accordingly, the estoppel issue is not properly before us. *See Kline v. Johns-Manville*, 745 F.2d 1217, 1221 (9th Cir.1984); *Taylor v. Sentry Life Insurance Co.*, 729 F.2d 652, 665–56 (9th Cir.1984).

Affirmance makes unnecessary the consideration of Tempe's assertion that World Famous' action is precluded by the adverse determinations below.

AFFIRMED.

KENNEDY, Circuit Judge, concurring:

General principles of abstention are distinct from the doctrine of dismissal for lack of jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200 (1975). Only the latter rule is applicable here, and *Huffman* squarely controls. I concur in the judgment.