Aida Madeleine LEBBOS; Garth Rease; C. Jonlyn Karr; Betsey Warren Lebbos; Genyses Corporation, Plaintiffs–Appellants,

v.

JUDGES OF the SUPERIOR COURT, SANTA CLARA COUNTY; Conrad Rushing, Judge of the Santa Clara Superior Court; Jack Komar, Judge of the Santa Clara Superior Court; Peter Stone, Judge of the Santa Clara Superior Court; John Miller; Mary Ann Grilli; V. Timothy Keene; Lisa Wharton; Jeradlin Spradlin; Linda Wooten; Alan Munn, Defendants–Appellees.

No. 87–2105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1989.

Decided Aug. 28, 1989.

Betsey Warren Lebbos, San Jose, Cal., for plaintiffs-appellants.

Vanessa Ann Zecher, Deputy County Counsel, San Jose, Cal., John Miller, Palo Alto, Cal., for defendants-appellees.

Before POOLE, FERGUSON and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Appellants appeal the district court's dismissal of their suit for failure to state a claim and based on the *Younger* abstention doctrine. This action springs from the appointment by Santa Clara Superior Court Judge Conrad Rushing of appellee Alan Munn as receiver to aid in the collection of a judgment rendered in favor of appellee Linda Wooten against appellant Betsey Lebbos. Appellants challenge the constitutionality of Cal.Civ.Proc. § 708.620 (West 1987) and Cal.Civ.Proc. § 568 (West 1979),[1] which together permit the court appointment of, and vest broad authority in, a receiver to aid a successful litigant in the collection of an unpaid judgment. Appellants also challenge the constitutionality of the order appointing Munn as receiver and a subsequent order delineating Munn's authority. Appellants request that the statutory provisions and orders be declared unconstitutional, and that the Santa Clara Superior Court judges be enjoined from invoking the statutory provisions and from enforcing the orders. Appellants also seek an injunction to stop several state court proceedings initiated by Munn to collect Betsey Lebbos's unpaid debt. They allege various constitutional claims under 42 U.S.C. § 1983 (1982) for which they seek compensatory and punitive damages. We affirm the dismissal of the claims for declaratory and injunctive relief, and also the claims for damages against the judges. We also affirm the dismissal of the claims for damages against the remaining defendants except with respect to Betsey Lebbos's due process claim against Munn, Wooten, and Wooten's attorneys.

I

Betsey Lebbos is an attorney. Sometime in 1983 she brought an action against Woo-

---

1. Section 708.620 provides:
   The court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment.
   Section 568 states:

   The receiver has, under the control of the Court, power to bring and defend actions in his own name, as receiver; to take and keep possession of the property, to receive rents, collect debts, to compound for and compromise the same, to make transfers, and generally to do such acts respecting the property as the Court may authorize.

ten in Santa Clara Superior Court to recover attorney fees allegedly owed her from a previous action in which Lebbos had successfully represented Wooten. Wooten filed a counterclaim. Following a jury verdict in favor of Wooten, Lebbos was required to rebate $13,628 of the $29,000 previously paid by Wooten to Lebbos. In attempting to collect her judgment, Wooten hired appellees John Miller and Mary Grilli of the law firm Miller & Grilli. The interaction between Miller and Lebbos during the ensuing three years was less than cordial to say the least. In her complaint, Lebbos sets forth in great detail the various attempts made by Miller to collect the judgment against Lebbos. Apparently unsuccessful in collecting the debt, Miller filed an ex parte motion in Santa Clara Superior Court seeking the appointment of a receiver pursuant to Cal.Civ.Proc.Code § 708.620 (West 1987). Judge Rushing granted the motion on July 15, 1986, appointing Munn, an attorney, as receiver. According to the complaint, Munn, along with Miller and his employees, sought to collect the debt by improperly invading Lebbos's business affairs and by seizing real property owned in trust by her daughter, appellant Aida Lebbos. Betsey Lebbos claims she is an "activist attorney" and that the appellees' actions were designed to discourage her efforts in exposing certain (unspecified) "abuses and deficiencies" in the Santa Clara Superior Court.

Betsey Lebbos, her daughter Aida, and the other plaintiffs, Garth Rease, C. Jonlyn Karr, and Genyses Corporation filed this action on October 2, 1986. Rease is a tenant of Aida Lebbos and leases a house owned by Lebbos in San Jose. Karr was the trustee of Aida Lebbos's trust from its inception in 1973 until 1985. While acting as trustee, she purchased two properties from the proceeds of the trust. In May 1977 she purchased the property in San Jose, and in December 1983 she purchased a house located in Menlo Park. Martha McCutcheon apparently also is a tenant of Aida Lebbos's. Genyses Corporation was

the entity through which Betsey Lebbos operated her trust account for her legal practice.

Named as defendants are "the judges of the Santa Clara Superior Court"; Superior Court Judges Rushing, Jack Komar, and Peter Stone; attorneys Miller and Grilli; Timothy Keene, a process server utilized by Miller & Grilli; Elizabeth Wharton, an employee of Miller & Grilli; Jeradlin Spradlin, an associate with Miller & Grilli; Wooten; and Munn.

In their complaint, appellants challenge the constitutionality of Cal.Civ.Proc. §§ 708.620 and 568 under the due process and equal protection clauses of the fourteenth amendment, and seek to enjoin the judges of the Santa Clara Superior Court from enforcing either statute. They raise similar arguments and request similar relief with respect to the order entered by Judge Rushing on July 15, 1986, appointing Munn receiver, as well as a subsequent order entered by Judge Rushing on September 29, 1986, modifying the July 15, 1986, order. They also seek an injunction precluding appellees from prosecuting: (1) *Munn, Court Appointed–Receiver v. Lebbos, Lebbos, Rease and McCutcheon,* an unlawful detainer action pertaining to the San Jose property; (2) *Wooten v. Betsey Lebbos, Jonlyn Karr, and Aida Lebbos,* a "Complaint for Failure of Garnishee to Deliver Attached Property and Fraudulent Conveyance," also pertaining to the San Jose property; and (3) from enforcing the judgment in the original proceeding, *Lebbos v. Wooten.* Appellants base their request for an injunction in each of these actions on the unconstitutionality of sections 708.620 and 568 and the orders relating to the appointment of Munn. Appellants allege various constitutional claims under 42 U.S.C. § 1983 (1982) against Miller, Grilli, Keene, Wharton, Spradlin, Wooten, and Munn (private defendants) for which they seek compensatory and punitive damages.[2]

---

**2.** As we make clear below, we do not believe any claim for damages was alleged against the judges by appellants in their complaint. Any such claim, however, has been waived by appellants. *See supra,* at 13–14.

The district court granted appellees' motion to dismiss with leave to amend on April 14, 1987. The court dismissed with prejudice the claims against the unnamed judges, concluding that the complaint failed to allege any facts demonstrating the judges were actively involved in appellants' proceedings. The court also dismissed any claims for damages against the named judges finding them immune from liability. The court abstained from reaching the appellants' claims for injunctive and declaratory relief against the individual judges and constitutional claims against the other appellees under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The court concluded that appellants had the opportunity to present their federal claims in the state proceedings, that they offered no evidence that the judges acted in bad faith in the state proceedings, and that the challenged statutes did not flagrantly violate express constitutional prohibitions. Appellants amended their complaint, but it was dismissed again by the district court. The court held that the amended complaint failed to rectify the deficiencies in the original complaint. The court also held that the complaint failed to state a claim for relief under section 1983. This appeal followed.[3] The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343 (1982),[4] and we have jurisdiction under 28 U.S.C. § 1291 (1982).

## II

The district court dismissed appellants' action on several bases. In its initial order of dismissal, it dismissed (1) the claims against the unnamed judges and the claim for damages against the named judges based on the failure to state a claim; and (2) the claims for injunctive and declaratory relief against the individual judges and the claims for damages against the private defendants under the *Younger* abstention doctrine. In its second order, the court affirmed its prior order and also held that the complaint failed to state a claim under section 1983.

In order to facilitate a more orderly analysis of appellants' arguments, we discuss the various claims for injunctive and declaratory relief separately from the claims for damages under section 1983.

### A. *Prospective Relief*[5]

■ Appellants claim the court improperly abstained from considering whether injunctive and declaratory relief is proper. The decision whether to abstain under the *Younger* abstention doctrine is reviewable de novo. *See World Famous Drinking Emporium, Inc., v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir.1987). Because "the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment," *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971), we consider together appellants' arguments that the district court erred in abstaining from their requests for both injunctive and declaratory relief.

Abstention is appropriate based on "interests of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237, 104 S.Ct. 2321, 2327–28, 81 L.Ed.2d 186 (1984). "Abstention from the exercise of federal jurisdiction is the exception, not the rule," and "[a]bsent significant countervailing interests, the federal courts are obliged to exercise their jurisdiction." *World Famous Drinking Emporium*, 820 F.2d at 1082.

---

**3.** Only the judges have filed a responding brief.

**4.** Accordingly, we need not determine whether subject matter jurisdiction may also be premised on diversity of citizenship. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1301 (9th Cir.1989).

**5.** The judges are not immune from appellants' claims for prospective relief. *Pulliam v. Allen*, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984) ("[J]udicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity.").

Based on the teaching in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982), this court has stated that three requirements must be satisfied before a federal court may properly invoke the *Younger* abstention doctrine: "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." *World Famous Drinking Emporium*, 820 F.2d at 1082; *accord Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106 (9th Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 1641, 104 L.Ed.2d 157 (1989). Even if these requirements are met, abstention is inappropriate if bad faith prosecution or harassment is present, or where a statute is flagrantly and patently violative of constitutional prohibitions. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611, 95 S.Ct. 1200, 1211, 43 L.Ed.2d 482 (1975); *World Famous Drinking Emporium*, 820 F.2d at 1082.

Appellants request three different injunctions: (1) an injunction precluding appellees from prosecuting the three actions pending in state court; (2) an injunction preventing enforcement of the two orders pertaining to the appointment of Munn; and (3) an injunction precluding the judges of the Santa Clara Superior Court from implementing sections 708.620 and 568. The first two requested injunctions, and obviously the third, are premised on appellants' constitutional attack on sections 708.620 and 568. We conclude that the district court properly abstained from considering each of appellants' requested injunctions because appellants could have challenged the constitutionality of sections 708.620 and 568 in the unlawful detainer action pertaining to the San Jose property.

The unlawful detainer action was filed by Munn against Betsey Lebbos, Aida Lebbos, Rease, and McCutcheon, and sought to remove them from the San Jose property. The unlawful detainer action was filed well before this action, and clearly constitutes an ongoing state proceeding. *See Midkiff*, 467 U.S. at 238, 104 S.Ct. at 2328.

The second prong under *Middlesex* is also satisfied. Although *Younger* involved an ongoing criminal prosecution, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex*, 457 U.S. at 432, 102 S.Ct. at 2521; *accord Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11, 107 S.Ct. 1519, 1526, 95 L.Ed.2d 1 (1987) (application of *Younger* abstention is proper "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government"). The Supreme Court "repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems." *Pennzoil*, 481 U.S. at 12–13, 107 S.Ct. at 1526–27. In *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), the Court held that a federal court should have abstained from adjudicating a challenge to a state's contempt process. The Court held that "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, ... is surely an important interest." *Id.* at 335, 97 S.Ct. at 1217. The Court reasoned:

> Contempt in these cases, serves, of course, to vindicate and preserve the private interests of competing litigants, but its purpose is by no means spent upon purely private concerns. It stands in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory.

*Id.* at 336 n. 12, 97 S.Ct. at 1217 n. 12 (citations omitted).

In *Pennzoil* the Court found abstention appropriate in an action brought by Pennzoil to enjoin Texaco from executing a Texas court judgment in Texaco's favor pending appeal of that judgment to the state appellate court. *Pennzoil*, 481 U.S. at 17, 107 S.Ct. at 1529. The Court found the reasoning of *Juidice* controlling.

> [*Juidice*] rests on the importance to the States of enforcing the orders and judg-

ments of their courts. There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both *Juidice* and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained.

*Id.* at 13–14, 107 S.Ct. at 1527 (footnotes omitted).

In filing the unlawful detainer action, Munn was acting in his capacity as court-appointed receiver. Like *Juidice* and *Pennzoil*, this action involves a challenge to the "process[ ] by which the State compels compliance with the judgments of its courts." *Id.* (footnote omitted). Indeed, the facts of this case are even stronger than those in *Pennzoil.* In *Pennzoil* the state had not yet become actively involved in attempting to compel compliance with its judgment. Here, on the other hand, several years had elapsed since the verdict had been rendered, and the court found it necessary to appoint a receiver to aid in the collection of Wooten's judgment. The state court's interest in ensuring "that its orders and judgments are not rendered nugatory," *Juidice*, 430 U.S. at 336 n. 12, 97 S.Ct. at 1217 n. 12 is further heightened in this case. The second requirement of *Younger* abstention is therefore satisfied.[6]

The inquiry under the third prong is whether the unlawful detainer action provided appellants a sufficient forum for raising their federal constitutional challenges. "Where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the

constitutional claims.' '[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims....' " *Middlesex*, 457 U.S. at 432, 102 S.Ct. at 2521 (quoting *Moore v. Sims*, 442 U.S. 415, 426, 430, 99 S.Ct. 2371, 2379, 2380, 60 L.Ed.2d 994 (1979)). The burden rests on appellants to show that they were barred from raising their federal claims in the unlawful detainer action.

California's unlawful detainer statute is contained at Cal.Civ.Proc.Code §§ 1159–1179a (West 1982 & Supp.1989). Because an unlawful detainer action is a summary proceeding designed to facilitate owners in obtaining possession of their real property, cross-complaints, countercomplaints, and affirmative defenses are inadmissible. *S.P. Growers Ass'n v. Rodriguez*, 17 Cal.3d 719, 723, 552 P.2d 721, 723, 131 Cal.Rptr. 761, 763 (1976). This general rule, however, is subject to a limited exception that "permits the court to inquire into equitable considerations in an unlawful detainer suit." *Union Oil Co. v. Chandler*, 4 Cal. App.3d 716, 722, 84 Cal.Rptr. 756, 760 (1970). Construing a federal constitutional defense to be based on a "broad equitable principle," the California courts have permitted a defendant in an unlawful detainer action to raise a defense based on constitutional considerations. *See Abstract Investment Co. v. Hutchinson*, 204 Cal.App.2d 242, 22 Cal.Rptr. 309, 313–14 (1962) (permitting defendant to raise defense of racial discrimination); *see also Union Oil Co.*, 4 Cal.App.3d at 723, 84 Cal.Rptr. at 761 (citing *Hutchinson* ). Appellants have therefore failed to show that they were not afforded an adequate opportunity to raise their federal claims regarding the constitutionality of sections 708.620 and 568.

Appellants allege that the issuance of the order appointing Munn receiver and vesting in Munn broad powers to collect the

---

6. In *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 469 (9th Cir.1984), we found abstention inappropriate in a suit brought by Goldie's Bookstore to enjoin its lessor from executing, pending appeal, an unlawful detainer judgment entered against it in state court. Our conclusion in that case that the proceedings did

not implicate important state interests, *id.* at 470, appears to have been substantially undermined by the Supreme Court's holding in *Pennzoil*. In any event, this case is clearly distinguishable from *Goldie's*. There, the unlawful detainer action was filed by a private party; the case did not involve a court-appointed receiver.

debt owed by Betsey Lebbos constitutes bad faith. Judge Rushing, however, was acting pursuant to state statute. He had nothing to do with the alleged conduct of Munn. When Lebbos appeared before Judge Rushing to request that Munn's powers be limited, the court issued such an order. Appellants' assertion that the judges' conduct was guided by their desire to discourage Betsey Lebbos from exposing certain practices of the court is unsupported by any facts in the complaint. Bad faith was therefore not present.

The three requirements justifying abstention are accordingly satisfied.[7] Additionally, we conclude that none of the exceptions apply. There was no bad faith prosecution or harassment and the statutes and orders are not blatantly unconstitutional. Abstention from issuing any of the requested injunctions or granting declaratory relief was therefore proper.[8]

### B. *Section 1983*

We note at the outset that there is some confusion over whether appellants' claims for damages under section 1983 apply to the judges. The appellees argued in their motion to dismiss and the district court agreed that (1) the claim for damages against the unnamed judges did not state a claim; and (2) the claims for damages against the three named judges were barred by absolute judicial immunity. It is evident from reading the prayer for relief contained in appellants' complaint, however, that the section 1983 claims apply only to the private defendants. Additionally, appellants waived any claims for damages against the judges in their response to appellees' motion to dismiss below, Appellants' Responding Brief, December 4, 1986, at 3, and acknowledge that waiver in their brief filed with this court. Appellants' Brief at 23. Any claim for damages against the judges has therefore been waived.

To the extent the district court's decision to dismiss the section 1983 claims against the private defendants is based on *Younger* abstention, it must be rejected. The Supreme Court has not yet decided whether the principles under *Younger* apply with equal force to claims for damages under section 1983. *See Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984); *Juidice v. Vail*, 430 U.S. 327, 339 n. 16, 97 S.Ct. 1211, 1219 n. 16, 51 L.Ed.2d 376 (1977). We considered this issue in *Mann v. Jett*, 781 F.2d 1448 (9th Cir.1986) (per curiam), and concluded that *Younger* does apply to section 1983 damage claims. The plaintiff in *Mann* filed suit in federal court against an attorney and legal assistant in the county attorney's office alleging that he was denied counsel in a criminal proceeding in violation of the sixth amendment. *Id.* at 1449. He sought declaratory relief and damages un-

---

7. Our conclusion that the three *Younger* predicates have been satisfied finds support in our decision in *Worldwide Church of God, Inc. v. California*, 623 F.2d 613 (9th Cir.1980) (per curiam), where we upheld a district court's abstention in an action to enjoin the enforcement of a court-ordered receivership. There the California Attorney General filed an action in state court seeking an accounting of the finances of the Worldwide Church of God (Church) and its affiliates based on the belief that certain members of the Church were diverting Church assets to their own personal benefit. *Id.* at 614. The court appointed a receiver following an ex parte proceeding. *Id.* The Church filed an action in federal court seeking, in part, to enjoin the enforcement of the state receivership order. We affirmed the district court's decision to abstain under *Younger. Id.* at 615. We concluded that "[i]mposition of the receivership was an integral element of the ongoing state litigation. Enjoining enforcement of the receivership order

would violate the principles of federalism, equity, and comity that *Younger* and related cases seek to preserve." *Id.* Our holding in *Worldwide Church* counsels in favor of abstaining from appellants' request that enforcement of the orders pertaining to the appointment of Munn be enjoined.

8. Although it is true that appellant Karr was not a party to the unlawful detainer action, her interest as trustee of Aida Lebbos's trust is sufficiently related to the interest of Aida Lebbos that Karr should be subject to the same *Younger* considerations that govern Aida Lebbos. *Cf. Doran v. Salem Inn, Inc.*, 422 U.S. 922, 928–29, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648 (1975). Similarly, the interest of Genyses Corporation is sufficiently similar to that of Betsey Lebbos that the *Younger* considerations that pertain to Lebbos are equally applicable to Genyses Corporation.

der section 1983. We held that the district court properly abstained from considering Mann's request for a declaratory judgment under *Younger* and *Samuels v. Mackell*, 401 U.S. 66, 69, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971). *Mann*, 781 F.2d at 1449. While noting that the Supreme Court had not yet decided the issue, we recognized that several of the other circuits have abstained where an action for damages would have a "substantially disruptive effect upon ongoing state criminal proceedings." *Id.* We concluded that abstention was appropriate under the circumstances of the case because Mann could "adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel, and 'the potential for federal-state friction [resulting from federal intervention] is obvious.'" *Id.* (quoting *Guerro v. Mulhearn*, 498 F.2d 1249, 1253 (1st Cir.1974)).

■ Unlike in *Mann*, we do not think abstention is appropriate with respect to appellants' claims for damages. As we have pointed out above, it appears that in California a constitutional defense may be raised by a defendant in an unlawful detainer action. We find no authority, however, that would lead us to believe that claims for damages arising from alleged constitutional torts—especially, as in this case, claims whose constitutional bases are wholly unrelated to the constitutional basis comprising the defense to the action—may also be raised in such an action. Additionally, we do not believe that consideration of the section 1983 damage claims against the private appellees will in any way interfere with the state proceedings. The interests of comity and federalism underlying *Younger* abstention are therefore inapplicable.

That abstention was inappropriate with respect to appellants' claims for damages does not end the matter. The district court also found dismissal proper based on its finding that appellants failed to state a claim. In order to state a claim under section 1983,[9] "a plaintiff must show (1)

that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1305 (9th Cir.1989) (quoting *Balistreri v. Pacifica Police Dep't.*, 855 F.2d 1421, 1424 (9th Cir.1988)). It is difficult to ascertain from appellants' self-fashioned long and prolix forty-four page complaint exactly what constitutional claims are alleged. After careful review of the complaint, we understand appellants to allege a violation of (1) their right to free speech under the first amendment; (2) their right not to be subjected to unreasonable searches and seizures; and (3) their rights to privacy, equal protection of the laws, and not to be deprived of their property without due process of law under the fourteenth amendment. Only Betsey Lebbos's due process claim withstands appellees' motion to dismiss.

■ Appellants' allegations that the actions taken by the private defendants were in retaliation for Betsey Lebbos's efforts to "clean up" the Santa Clara Superior Court and thus violative of the first amendment is not supported by any facts in the complaint. Additionally, this claim appears to have been directed at the judges, against whom the section 1983 claims have been dropped. We find appellants' equal protection claim equally unsupportable by any facts in the complaint and that it too was properly dismissed. *See id.* at 1305 n. 10 (affirming dismissal of equal protection claim due to failure of appellants to allege any facts in support of the claim).

■ Appellants' allegation that their fourth amendment right not to be subjected to unlawful searches and seizures and fourteenth amendment right to privacy were violated are based primarily on appellees' activities in attempting to serve documents on appellants while trying to collect the judgment against Betsey Lebbos. With respect to the fourth amendment, appellants fail to allege that any search or seizure took place. As to the right to

9. The Court reviews a dismissal for failure to state a claim de novo. *Fort Vancouver Plywood*

*Co. v. United States,* 747 F.2d 547, 552 (9th Cir.1984).

privacy claim, we do not think appellants' conduct in attempting to serve the documents, as alleged by appellees, rises to the level of a violation of any right to privacy. Appellants cite no authority in support of such a claim. In short, we do not think the conduct cited by appellants amounts to a deprivation under either the fourth or fourteenth amendments. *See Baker v. McCollan*, 443 U.S. 137, 144–45, 99 S.Ct. 2689, 2694–95, 61 L.Ed.2d 433 (1979) (not all torts rise to the level of constitutional deprivations).

■■■ Betsey Lebbos has, however, successfully made out claims under both the procedural and substantive aspects of the due process clause of the fourteenth amendment. "The Fourteenth Amendment protects one from deprivations of property or liberty without procedural due process. Due process requires an opportunity to be heard at a meaningful time and in a meaningful manner." *Roley v. Pierce County Fire Protection Dist. No. 4*, 869 F.2d 491, 494 (9th Cir.1989) (citations omitted). Appellant Betsey Lebbos's allegations regarding the invasion of her business affairs, including the confiscation of her mail and disruption of financial transactions without notice, is sufficient to establish a procedural due process violation.[10] Although these allegations are directed mainly at Munn, we think the complaint sufficiently implicates Wooten's attorneys also to withstand dismissal as to these appellees.[11] *See Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir.1983) ("To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown."); *accord Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989) (citing *Fonda* ).

■■■ "Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs." *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir.

1988). Substantive due process "protects a liberty or property interest in pursuing the 'common occupations or professions of life.' " *Benigni v. City of Hemet*, 868 F.2d 307, 312 (9th Cir.1988) (quoting *Schware v. Board of Bar Examiners*, 353 U.S. 232, 238–39, 77 S.Ct. 752, 755–56, 1 L.Ed.2d 796 (1957)); *see also Chalmers v. City of Los Angeles*, 762 F.2d 753, 757 (9th Cir.1985). In order to prove a substantive due process claim, appellants must plead that the government's action was "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926). Betsey Lebbos's allegations that appellees' actions deprived her of the ability to practice law thus states a substantive due process claim.

### III

The district court properly abstained from granting the injunctive and declaratory relief requested by appellants. Because appellant's request for prospective relief was properly denied and appellants waived any alleged claims for damages under section 1983 against the judges, the dismissal of the judges was proper. The dismissal of appellants' section 1983 claims against the private defendants is affirmed, except for Betsey Lebbos's procedural and substantive due process claims against Munn, Miller, Grilli, Wharton, and Wooten. We remand these latter claims for consideration by the district court. Each party shall bear its own costs on appeal.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

10. Because Munn was acting in his capacity as court-appointed receiver, he was acting under color of state law.

11. *See* Amended Complaint at 10 ("[U]nlawful campaign to deprive Plaintiff/Attorney Lebbos and all plaintiffs of their constitutional rights....").