974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael R. WOOD, an individual and on behalf of all others
similarly situated, Plaintiff-Appellant,
v.
CITY OF HAYWARD, a municipal corporation, Defendant-Appellee,
Michael R. WOOD, Plaintiff-Appellant,
v.
UNITED STATES of America; Federal Aviation Administration;
City of Hayward, Defendants-Appellees,
 Nos. 91-15297, 91-15926 and 91-16002.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 10, 1992.
Decided Aug. 31, 1992.
 
 1
 Before GOODWIN, SCHROEDER and BEEZER Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Michael Wood rented an airport hanger from the Hayward municipal airport under a lease that provided that either party could terminate the lease on thirty days written notice. Wood disagreed with the airport management about how to run the facility and, after giving notice, the city terminated the lease.
 
 
 4
 When Wood refused to leave, the City instituted an unlawful detainer action to evict him. As the district court observed, "[f]rom that point on, the procedural history of this case would fill volumes."
 
 
 5
 Wood filed his pro se complaint in federal court on November 2, 1990, alleging violations of various constitutional rights under 42 U.S.C. § 1983 and violations of various federal statutes. The district court granted a temporary restraining order to prevent the city from evicting Wood pending Wood's appeal from the unlawful detainer judgment.
 
 
 6
 On February 13, 1991, the district court vacated the TRO. Wood filed a notice of appeal from this order. On March 4, 1991, Wood filed a new complaint in the district court, alleging essentially the same causes of action and seeking a new TRO. On May 15, 1991, the district court consolidated the two related federal actions, treating the second complaint as a request to reconsider its decision to vacate the TRO. The court then denied Wood's request to reconsider its previous decision, denied Wood's request to amend the complaint, dismissed part of the complaint alternatively on res judicata and Younger abstention grounds, and entered summary judgment for the City on all remaining claims. At the time the district court made its decision, two appeals from the unlawful detainer action were pending in state court.
 
 
 7
 The district court held that Wood's First Amendment/retaliatory eviction § 1983 claim was barred under the federal comity doctrine of Younger v. Harris, 401 U.S. 37 (1971). Abstention is appropriate when a complaint seeks declaratory or injunctive relief that would interfere with an ongoing state judicial proceeding. Three requirements must be satisfied before a federal court may properly invoke the Younger doctrine. First, there must be an ongoing state judicial proceeding. Second, the proceeding must implicate an important state interest. Finally, there must be an adequate opportunity to raise the federal question in the state forum. See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987).
 
 
 8
 The district court properly held that these requirements were met on the facts of this case. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 10-14 (1987); Lebbos v. Judges of Superior Court, 883 F.2d 810, 813-16 (9th Cir.1989). Parallel litigation such as this is destructive to the state/federal system. Abstention is necessary to protect the integrity and dignity of the state courts.
 
 
 9
 Younger abstention is a non-discretionary doctrine. "When a case falls within the proscription of Younger, a district court must dismiss the federal action." See Fresh Int'l v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir.1986). The district court erred when it proceeded to enter summary judgment with respect to Wood's claims which challenged the validity of the commercial lease. Consequently, we vacate the entry of summary judgment with respect to these claims and remand the case for dismissal. Given our decision on the Younger question, we need not decide whether any part of Wood's complaint is barred by res judicata.
 
 
 10
 Wood raises a number of incidental issues. "The denial of a preliminary injunction is subject to a limited standard of review." Religious Technology Center, Church of Scientology Int'l v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). The district court did not err in vacating the TRO and denying Wood's motion to reconsider its decision. Similarly, the district court did not abuse its discretion in denying Wood leave to amend the complaint. See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau, 701 F.2d 1276, 1292-93 (9th Cir.), cert. denied, 464 U.S. 822, (1983). Finally, Wood's motion to take judicial notice is denied.
 
 
 11
 The district court's ruling that Wood's claims were subject to Younger abstention is AFFIRMED, the entry of summary judgment is VACATED, and the case is REMANDED for dismissal. The district court's other final rulings are AFFIRMED in all other respects.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3