19 F.3d 1442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy F. WILLIAMS, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, et al., Defendants-Appellees.
 No. 93-56431.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 18, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy F. Williams appeals pro se from the district court's denial of leave to file his complaint in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews the district court's denial of leave to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a) for an abuse of discretion. See O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir.1990). The district court may deny permission to file a complaint in forma pauperis if the complaint is frivolous on its face. Id. at 616 (affirming denial of leave to proceed in forma pauperis where complaint was frivolous on its face).
 
 
 4
 A complaint is frivolous for purposes of section 1915 where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint is also frivolous where the defense to its allegations is complete and obvious from its face. See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).
 
 
 5
 Appellant's complaint alleges that certain state and county officials conspired in 1977 and 1978 to obstruct an investigation into a complaint his uncle had filed against certain police officers, and that the refusal of a state appointed counsel group to represent him in an ongoing state criminal proceeding where he is represented by the public defender violated his constitutional rights.
 
 
 6
 Appellant's allegations relating to the city council's actions or inactions in the 1970s are barred by the statute of limitations. See Taylor v. Regents of the University of California, 993 F.2d 710, 711 (9th Cir.1993) (California's one year statute applies to 42 U.S.C. Sec. 1983 claims). As the minutes of the council meetings show, appellant's uncle was present when the actions were taken, so there can be no tolling argument to prevent application of the statute of limitations.
 
 
 7
 Appellant's allegations relating to the ongoing criminal proceeding fail to state a claim under 42 U.S.C. Sec. 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (state defenders are not state actors for purposes of section 1983 claims). In any event, the district court properly abstained from interfering in an ongoing state criminal proceeding. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (district court should abstain from entertaining 1983 action where claims can be raised in ongoing criminal proceeding).
 
 
 8
 Because appellant's action is identical to the action brought by his uncle, affirmed today in No. 93-56430, and because the complaint is frivolous on its face, we find that the district court did not abuse its discretion in denying appellant leave to proceed on his complaint in forma pauperis.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3