**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GYORGY MATRAI, and M.M., a MINOR, | No.   21-15084 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05241-MMC |
| v. | |
| HON. JONI T. HIRAMOTO and MICHELLE GONZANA URIARTE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted October 4, 2021[**]
San Francisco, California

Before:  FRIEDLAND and CLIFTON, Circuit Judges, and MCSHANE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]    The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

In his claim brought under 42 U.S.C. § 1983, Plaintiff–Appellant Gyorgy Matrai alleges that a child abduction prevention order requiring him to post a $5,000,000 bond before visiting his minor son violated his substantive due process rights.[1] Matrai names the Honorable Joni T. Hiramoto, the judge who entered the child abduction prevention order, as the defendant. In a second claim, Matrai names the child's mother as a defendant, alleging a right to access his son under the Hague Convention on the Civil Aspects of International Child Abduction through its implementing statute, 22 U.S.C. §§ 9001-9011 (the "ICARA"). Matrai challenges the district court's dismissal of both claims.[2] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      As an initial matter, Judge Hiramoto argues that because she now presides over a criminal calendar and is not currently hearing domestic relation cases, Matrai's claim for injunctive relief prohibiting her from issuing or enforcing the bond requirement is moot.[3] The order at issue here, however, was issued by Judge Hiramoto and remains in effect. Review of a judge's order cannot be evaded by simply moving the judge to another department within the courthouse. In any event,

---

[1] Matrai brought the claims individually and on behalf of his son.

[2] Matrai does not appeal the district court's dismissal of his claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

[3] Matrai and Judge Hiramoto each move for judicial notice of certain official information posted on government websites. The motions for judicial notice are GRANTED. Matrai's motion to strike Judge Hiramoto's Answering Brief is DENIED.

Federal Rule of Appellate Procedure 43(c)(2) provides: "When a public officer who is a party to an appeal or other proceeding in an official capacity dies, resigns, or otherwise ceases to hold office, the action does not abate. The public officer's successor is automatically substituted as a party."

2.      Matrai argues the district court erred when it dismissed his § 1983 claim for injunctive relief based on abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Here, Matrai argues the bond requirement violated his fundamental due process right to maintain a familial relationship with his son, and he seeks an injunction prohibiting enforcement of the order.

"We review a district court's decision to abstain under *Younger* de novo and do not defer to the view of the district judge." *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 727 (9th Cir. 2017). "Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)). The parties agree the state proceedings are ongoing.

The challenged bond requirement at issue here falls squarely "within the category of cases that involve 'the State's interest in enforcing the orders and

3

judgments of its courts.'" *Id.* at 1040–41 (quoting *ReadyLink*, 754 F.3d at 759). The child abduction prevention order Matrai challenges, like a court's contempt power, "lies at the core of the administration of a State's judicial system." *Juidice v. Vail*, 430 U.S. 327, 335 (1977) (citation omitted). The State has a valid interest in taking precautions, such as requiring a bond prior to visitation, to ensure that one parent does not abduct a child and flee to a more favorable jurisdiction during divorce proceedings. *See Palmore v. Sidoti*, 466 U.S. 429, 433 (1984) (recognizing that in custody proceedings, "[t]he State, of course, has a duty of the highest order to protect the interests of minor children"). As with contempt proceedings, the bond requirement Matrai challenges "stands in aid of the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Juidice*, 430 U.S. at 336 n.12. The Supreme Court's reasoning that *Younger* precluded federal courts from considering a constitutional challenge to a state court's process for enforcing a judgment is instructive when considering whether *Younger* applies here:

> The reasoning of *Juidice* controls here. That case rests on the importance to the States of enforcing the orders and judgments of their courts. There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both *Juidice* and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the

4

> ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13–14 (1987) (footnotes omitted).

Additionally, there is no indication that Matrai is precluded from raising, in the underlying case, the constitutional arguments he brings here. Judge Hiramoto entered the bond order only after hearing essentially unchallenged testimony from Matrai's wife that, despite what the couple's tax returns indicated, Matrai had access to at least $10,000,000.[4] Six months later, Matrai moved to set aside Judge Hiramoto's order. Additionally, Matrai filed this federal action seeking to enjoin enforcement of the order. Matrai's argument that the delay in resolving his motion to set aside in the underlying action indicates he was effectively precluded from raising his constitutional claims below is meritless. After all, "the date for determining whether *Younger* applies 'is the date the federal action is filed.'" *ReadyLink*, 754 F.3d at 759 (quoting *Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc)). And nothing in this record indicates Matrai was precluded from raising his constitutional arguments in the state family court proceedings or in an appeal from them. As Matrai fails to demonstrate that he was barred or precluded

---

[4] Matrai fired his attorney the day before the state court hearing and did not appear at the hearing. Matrai's wife testified that Matrai owned a $10,000,000 bond in Germany and that his company bought the couple's home for $3,000,000 in cash.

from raising his federal arguments in state court, he failed to meet his burden as to the fourth element of the *Younger* analysis. *Pennzoil Co.*, 481 U.S. at 14.

Matrai next argues that even if the elements of *Younger* are met, an exception to abstention still applies because "the danger of irreparable loss is both great and immediate." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987). That narrow exception, however, applies "where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). The district court here made no such finding. Additionally, Matrai does not allege, or even argue, that Judge Hiramoto acted in bad faith in entering the bond order. To the contrary, the transcript of the hearing confirms that after Matrai failed to appear at the hearing, Judge Hiramoto set the bond amount based on the sworn testimony from Matrai's wife that, despite tax returns indicating relatively modest means, Matrai had access to over $10,000,000 and had purchased their $3,000,000 home in cash.

Because *Younger* abstention applies and no exceptions exist, and because Matrai seeks only injunctive relief, as opposed to damages, on the § 1983 claim, the district court did not err in dismissing that claim. *See Gilbertson*, 381 F.3d at 981 (noting that when *Younger* applies to a claim seeking only injunctive relief, the court must "*permanently*" abstain by dismissing the action).

3. Matrai's claim that his access rights under the Hague Convention have been violated is not ripe. Matrai argues that the district court failed to recognize his access rights created under the law of the United Kingdom. Typically, it is the law of the child's habitual residence that governs Hague Convention claims, *see Monasky v. Taglieri*, 140 S. Ct. 719, 723 (2020); Hague Convention on the Civil Aspects of International Child Abduction, art. 3, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, and there is no dispute that the child here habitually resides in the United States, not the United Kingdom.

We recognize, however, that Matrai asserts an access claim, not the more commonly asserted custody or return claim. Even assuming the law of the United Kingdom was relevant to Matrai's access claim, Matrai initially did not dispute evidence presented in the state family court proceedings that he had access to funds to post a bond for visitation. He then moved to set aside the child abduction prevention order within the state court system, but he did not wait for the state court to resolve that motion before filing this federal action. Under these circumstances, any claim that his access rights under the Hague Convention were violated is not ripe. *See Standard Alaska Prod. Co. v. Schaible*, 874 F.2d 624, 630 (9th Cir. 1989).

Although we agree that dismissal was appropriate, we also conclude that dismissal of the case with prejudice was an abuse of discretion. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Dismissal based

on ripeness or on *Younger* abstention is not a determination on the merits but rather a decision reflecting lack of jurisdiction, *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005); *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000), and should thus be without prejudice, *see Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988). We therefore affirm the district court's dismissal of this case but remand with instructions that the district court enter a dismissal without prejudice.

**AFFIRMED** and **REMANDED** with instructions to enter dismissal without prejudice.