**David Allen MANN, Plaintiff/Appellant,**

**v.**

**Rita JETT, Ricki Macey, and County of Pima Arizona, Defendants/Appellees.**

**No. 85–2008.**

United States Court of Appeals, Ninth Circuit.

Submitted December 2, 1985.[*]

Decided Feb. 10, 1986.

---

\* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 3(f) and and Fed.R.App.P. 34(a).

David Allen Mann, Florence, Ariz., for plaintiff/appellant.

Thomas E. Dugal, Tucson, Ariz., for defendants/appellees.

Before BROWNING, Chief Judge, SNEED and HUG, Circuit Judges.

PER CURIAM:

Mann appeals from a summary judgment in favor of the defendants in an action for declaratory relief and money damages brought under 42 U.S.C. § 1983 (1982) against Pima County, Rita Jett (an attorney in the Pima County Attorney's office), and Ricki Macey (a legal assistant in the same office) alleging denial of Mann's sixth amendment right to counsel.

Mann contends that his sixth amendment right to counsel was abridged because although his Arizona indictment issued on July 8, 1983, and he requested counsel on April 5, 1984, counsel was not appointed to represent him until March 29, 1985. The delay in appointment of counsel was due to difficulties in extradicting Mann from California.

The Supreme Court has held that "a federal court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit except in very unusual situations, where necessary to prevent immediate irreparable injury." *Samuels v. Mackell*, 401 U.S. 66, 69, 91 S.Ct. 764, 766, 27 L.Ed.2d 688 (1971) (citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). It is clear that a state criminal prosecution has "begun" within the meaning of the *Younger* rule when, as in this case, an indictment has been returned. *See Younger*, 401 U.S. at 38–39, 41, 91 S.Ct. at 747, 749. When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action. *Samuels*, 401 U.S. at 73, 91 S.Ct. at 768. While the Supreme Court has not decided whether *Younger* requires abstention in the context of a section 1983 damage action, *see Juidice v. Vail*, 430 U.S. 327, 339 n. 16, 97 S.Ct. 1211, 1219, n. 16, 51 L.Ed.2d 376 (1977), several circuit courts have abstained where such an action would have had a substantially disruptive effect upon ongoing state criminal proceedings. *See McCurry v. Allen*, 606 F.2d 795, 799 (8th Cir.1979), *rev'd on other grounds*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Martin v. Merola*, 532 F.2d 191, 194–95 (2d Cir.1976); *Guerro v. Mulhearn*, 498 F.2d 1249, 1251–55 (1st Cir.1974).

We conclude that abstention is appropriate under the circumstances of this case. Mann can adequately litigate in the ongoing state criminal proceedings his underlying claim of unconstitutional deprivation of counsel, and "the potential for federal-state friction [resulting from federal intervention] is obvious." *Guerro*, 498 F.2d at 1253.

REVERSED AND REMANDED for further proceedings consistent with this opinion.