**Daniel BURGIE, Plaintiff–Appellant,**

v.

**CONTRA COSTA SHERRIFF'S DEPARTMENT, West County Detention; Contra Costa County District Attorney, Defendants–Appellees.**

**No. 00–15033.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2001[1].

Decided Jan. 24, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[2]

Daniel Burgie appeals from the district court's order dismissing his 42 U.S.C. § 1983 damages claim pursuant to *Younger* abstention doctrine. "This court reviews de novo whether abstention is re-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

quired." *Martinez v. Newport Beach,* 125 F.3d 777, 780 (9th Cir.1997). We affirm.

■ The district court properly abstained under our holding in *Mann v. Jett,* 781 F.2d 1448 (9th Cir.1986) (per curiam), because an opportunity existed "to adequately litigate in the ongoing state criminal proceedings [Burgie's] underlying claim of unconstitutional [behavior by state actors,] . . . and [because] 'the potential for federal-state friction [resulting from federal intervention] is obvious.'" *Mann,* 781 F.2d at 1449 (final alteration in original) (quoting *Guerro v. Mulhearn,* 498 F.2d 1249, 1253 (1st Cir.1974)).

Burgie provides no support for his contention that self-represented litigants are exempt from the reach of *Younger*-style abstention.

We reject Burgie's request that we reverse a previous order of the motions panel denying Burgie's request to proceed in forma pauperis on appeal. *See Larez v. City of Los Angeles,* 946 F.2d 630, 636 (9th Cir.1991) (stating that "this court will not reconsider a question upon which another panel has ruled in the same case").

AFFIRMED.