No. 00–56663.

D.C. No. CV–00–06467–AHM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided March 5, 2002.

Michael DAVIDSON; Craig Martin; Henry Frederick Ramey, Jr., Plaintiffs—Appellants,

v.

CITY OF BELLFLOWER; Redevelopment Agency of the City of Bellflower; Randy Bomgaars, as Mayor and Agency Member; Ray T. Smith, as Councilman and Agency Member; Joseph Cvetko, as Councilman and Agency Chairman; Ruth Gilson, as Councilman and Agency Member; John Pratt, as Councilman and Agency Member; Michael J. Egan, as City Administrator and Agency Executive Director; M. Margo Wheeler, as Community Development Director, Defendants—Appellees.

Before BEEZER, TASHIMA and GRABER, Circuit Judges.

MEMORANDUM **

Henry Frederick Ramey, Jr., appeals the district court's dismissal of his action pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and denial of leave to amend. We have jurisdiction, 28 U.S.C. § 1291,[1] and we affirm.[2]

I

We review de novo a district court's decision to abstain pursuant to *Younger. Green v. City of Tucson,* 255 F.3d 1086, 1093 (9th Cir.2001) (en banc).

When a plaintiff seeks relief in federal court that would interfere with an ongoing state judicial proceeding, the federal action

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The district court's order dismissing the case is final and appealable. We construe Ramey's pro se paper styled "Motion for a Writ of Mandamus" as a separate request for equitable relief based upon the claims in Ramey's post-filed complaint, *cf. Pueblo Trading Co. v. El Camino Irrigation Dist.,* 169 F.2d

312, 314 (9th Cir.1948), and deem the district court's order dismissing the case to have denied this relief. The order did not formally dismiss the unserved and fictitious ("Doe") defendants named in the complaint, but is still appealable because "only unserved defendants remain." *Patchick v. Kensington Publ'g Corp.,* 743 F.2d 675, 677 (9th Cir.1984) (per curiam).

2. The claims on appeal of plaintiffs Michael Davidson and Craig Martin have been voluntarily dismissed. Their § 1983 and § 1985(3) claims are no longer before us.

must be dismissed pursuant to *Younger* if the state proceeding (1) is ongoing, (2) implicates important state interests, and (3) provides the plaintiff an adequate opportunity to litigate its federal claims. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir.2001). We conclude that Ramey's suit meets these requirements.

Ramey argues that *Younger* does not apply to his claims for damages. Where a federal court is asked to restrain state proceedings or invalidate state laws, *Younger* abstention may be appropriate even where money damages are also sought. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir.1997) (citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam)), *overruled on other grounds by Green*, 255 F.3d at 1092–93. *Younger* applies to § 1983 claims seeking both damages and equitable relief. *Mann*, 781 F.2d at 1449. Similarly, *Younger* abstention applies to Ramey's claims under § 1985(2). *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1036 (9th Cir.1990) (holding that claim preclusion principles in § 1983 context should apply in § 1985(2) context). *Younger* also applies to Ramey's RICO claims. *See Adam v. Hawaii*, 235 F.3d 1160, 1163 (9th Cir.2001) (noting that abstention from civil rights claims is less favored than abstention from other types of claims), *overruled on other grounds by Green*, 255 F.3d at 1092–93.

Ramey asked the district court to restrain California municipal proceedings and invalidate a municipal ordinance. His damages claims were incidental. In the circumstances, *Younger* abstention was proper. *Martinez*, 125 F.3d at 781.

## II

We review for abuse of discretion the district court's denial of leave to amend.

*Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir.1996). Ramey sought not to remove a claim from his complaint, but to add one. We conclude that Ramey can adequately litigate the proposed claim in his ongoing state action. Even if leave to amend had been granted, the amendment would have been futile. *Younger* would still have required dismissal of all claims. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991).

AFFIRMED.[3]

3. Ramey's motion to expedite this appeal is

DENIED as moot.