349 F.3d 1122
 AMERICAN CONSUMER PUBLISHING ASSOCIATION, INC.; Dennis L. Simpson; I.C. Marketing Inc.; and Publishers Services Exchange, Plaintiffs-Appellants,
v.
Jan MARGOSIAN; Elizabeth Gordon; and Geoff Darling, Defendants-Appellees.
 No. 01-36113.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 2003.
 Filed November 18, 2003.
 
 COPYRIGHT MATERIAL OMITTED Alan R. Herson, Jacksonville, Oregon, for plaintiffs-appellants.
 Brendan C. Dunn, Assistant Attorney General, Salem, Oregon, for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon; John P. Cooney, Magistrate Judge, Presiding. D.C. No. CV-01-03057-CO.
 Before: Cynthia Holcomb HALL, Susan P. GRABER, and Ronald M. GOULD, Circuit Judges.
 OPINION
 GRABER, Circuit Judge:
 
 
 1
 The Attorney General of Oregon served a Notice of Unlawful Trade Practices on Plaintiffs American Consumer Publishing Association, Inc., Dennis L. Simpson, I.C. Marketing, and Publishers Services Exchange, advising them that a civil enforcement action for violations of several state statutes was imminent. Before the state proceedings were complete, Plaintiffs filed this action in federal court. Plaintiffs seek both damages and a declaration that the state statutes they allegedly violated are unconstitutional. The district court dismissed Plaintiffs' claims based on the abstention doctrine of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).
 
 
 2
 We affirm, in part on different grounds. First, we hold that Defendants were entitled to summary judgment on Plaintiffs' claim for damages for defamation under 42 U.S.C. § 1983, because Plaintiffs presented no evidence that Defendants deprived them of a constitutionally protected liberty or property interest.
 
 
 3
 Second, we hold that the remainder of Plaintiffs' claims properly were dismissed under the principles of Younger abstention. Plaintiffs' claims for declaratory relief present a textbook case for Younger abstention and dismissal. Application of Younger to Plaintiffs' remaining claims for § 1983 damages, however, raises difficult issues of unsettled law. Today, viewing our other precedents in the light of our en banc approach in Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc), we hold that Younger abstention principles are properly invoked when, but only when, adjudicating a claim for § 1983 damages would interfere directly with a pending state proceeding. Although in many cases the proper method of applying Younger to § 1983 claims for damages is to order a stay, dismissal is warranted when an award of damages would require a declaration that a state statute or judgment is unconstitutional and § 1983 damages are available in the pending state-court proceeding.
 
 FACTS AND PROCEDURAL HISTORY
 
 4
 Plaintiffs' nationwide direct-mail marketing company came under the scrutiny of the State of Oregon after the state's Attorney General received more than 120 consumer complaints about Plaintiffs' solicitations for magazine subscriptions. Consumers complained that the solicitations appeared to be bills and misleadingly implied that Plaintiffs were associated with the publishers of the magazines. The Attorney General found probable cause to believe that Plaintiffs' solicitations violated state statutes that prohibit using a "simulated invoice" that reasonably could be mistaken for an actual invoice, see Or.Rev. Stat. § 646.293; creating a likelihood of confusion about one's affiliation with another company, see id. § 646.608(1)(c); and employing an "unconscionable tactic" (here, knowingly permitting a customer to enter a transaction from which the customer will derive no material benefit), see id. § 646.607(1).
 
 
 5
 On June 26, 2001, the Attorney General served a Notice of Unlawful Trade Practices on Plaintiffs' lawyer. The Notice listed the alleged unlawful trade practices and advised Plaintiffs that, unless they delivered an Assurance of Voluntary Compliance within 10 days, the Attorney General would file an action against Plaintiffs in state court. Negotiations with the Attorney General failed, and Plaintiffs did not deliver the Assurance of Voluntary Compliance.
 
 
 6
 Instead, on July 6, 2001, Plaintiffs filed this action in federal district court against Defendants Jan Margosian, Elizabeth Gordon, and Geoff Darling, who are officials of the Attorney General's office. Plaintiffs asked the court to (1) declare unconstitutional the Oregon statutes that the Attorney General was trying to enforce, (2) declare that Oregon lacks "jurisdiction" to enforce its trade practices laws because of federal preemption, and (3) award compensatory and punitive damages under 42 U.S.C. § 1983 for violations of Plaintiffs' constitutional rights. On September 13, 2001, Defendants moved for summary judgment. Meanwhile, on September 11, 2001, the Attorney General had filed a civil complaint against Plaintiffs in state court.
 
 
 7
 Thereafter, the district court granted Defendants' motion for summary judgment. Applying the Younger abstention doctrine, the court dismissed all of Plaintiffs' claims. This timely appeal followed.
 
 STANDARD OF REVIEW
 
 8
 We review de novo a district court's decision to dismiss a claim on the basis of Younger abstention. Green, 255 F.3d at 1093. We also review de novo a grant of summary judgment. Robi v. Reed, 173 F.3d 736, 739 (9th Cir.1999). We may affirm a grant of summary judgment on any ground supported by the record. Sicor Ltd. v. Cetus Corp., 51 F.3d 848, 861 n. 17 (9th Cir.1995).
 
 DISCUSSION
 
 9
 As to Plaintiffs' claim for § 1983 damages for defamation, we affirm the summary judgment for Defendants because of Plaintiffs' failure to satisfy the "stigma-plus" test for § 1983 defamation claims. As to Plaintiffs' claims for declaratory relief, as well their remaining § 1983 claims for damages, we affirm the district court's dismissal under Younger.
 
 
 10
 A. Plaintiffs failed to satisfy the "stigma-plus" test for defamation claims brought under § 1983.
 
 
 11
 To recover damages for defamation under § 1983, a plaintiff must satisfy what has become known as the "stigma-plus" test. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991), rev'd on other grounds, 963 F.2d 1220, 1235 n. 6 (9th Cir.1992) (en banc). Under that test, "a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation." 924 F.2d at 1532. Furthermore, "the `stigma-plus' test requires that the defamation be accompanied by an injury directly caused by the Government, rather than an injury caused by the act of some third party [in reaction to the Government's defamatory statements]." WMX Techs., Inc. v. Miller, 80 F.3d 1315, 1320(9th Cir.1996) (emphasis added), appeal dismissed on other grounds, 104 F.3d 1133 (9th Cir. 1997) (en banc).
 
 
 12
 Plaintiffs allege that Defendant Margosian, a consumer information coordinator with the Oregon Attorney General's office, made defamatory statements to the media during the Attorney General's investigation of Plaintiffs' business activities. Plaintiffs claim that, after Margosian told a reporter that Plaintiffs' solicitations were deceptive, "misleading," and "phony," Plaintiffs suffered an "appreciable disruption of business" because Plaintiffs' employees were worried about their job security and "at least one cancelled order."
 
 
 13
 Even if we assume the truth of Plaintiffs' factual allegations, they fail to satisfy the "stigma-plus" test. As to the first claim of damages, Plaintiffs have no constitutionally protected interest in maintaining a positive state of mind among their employees. As to the second claim of damages, even if Plaintiffs had a protected property interest in their existing orders, they allege only that a customer cancelled an order in reaction to Margosian's statements. Plaintiffs do not allege that Margosian's defamatory statements directly caused any injury to a constitutionally protected liberty or property interest. See WMX Techs., 80 F.3d at 1320(holding that injuries caused by a third party's response to government statements are not cognizable under § 1983). Summary judgment was therefore appropriate on Plaintiffs' § 1983 defamation claim.
 
 
 14
 B. The district court properly dismissed Plaintiffs' claim for declaratory relief based on Younger abstention.
 
 
 15
 Younger abstention is a "circumscribed exception to mandatory federal jurisdiction." Green, 255 F.3d at 1099. If the circumstances giving rise to Younger abstention are present, the district court generally must dismiss the action. Id. at 1093. As a threshold matter, for Younger abstention to apply, the federal relief sought must directly interfere with a state proceeding. Id. at 1097. Next, in determining whether abstention is proper, the court must examine:
 
 
 16
 (1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in the state proceedings.
 
 
 17
 Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992) (internal quotation marks omitted).[1]
 
 
 18
 The declaratory relief that Plaintiffs seek in this case — invalidation of the trade practices statutes and a declaration that the state lacks "jurisdiction" to enforce them — would interfere with the state enforcement proceeding exactly as we contemplated in Green. As we said there,
 
 
 19
 much as a federal injunction against an ongoing state enforcement proceeding effectively stops that proceeding cold, so too may a declaratory judgment. The Supreme Court thus held that Younger barred a suit for declaratory relief against the operation of a state criminal statute under which the plaintiff was being prosecuted in state court because declaratory relief, the Court determined, would "result in precisely the same interference with and disruption of state proceedings that the long-standing policy limiting injunctions was designed to avoid." Samuels v. Mackell, 401 U.S. 66, 72, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).
 
 
 20
 Green, 255 F.3d. at 1095 (parallel citations omitted). Granting Plaintiffs' requested declaration would effectively "declare invalid" the state proceeding, see id. at 1098, and the "interference" test is therefore met.
 
 
 21
 Moving to the three-factor abstention analysis described in Kenneally, it is clear that the district court properly abstained from entertaining Plaintiffs' claims for declaratory relief. (1) The parties do not dispute, and we agree, that Oregon has a strong interest in protecting its consumers from fraud and in administering its consumer-fraud statutes smoothly. (2) Nor do the parties dispute that the state proceedings are ongoing[2] and have been pending since the Attorney General sent the Notice of Unlawful Trade Practices. (3) Finally, Plaintiffs can raise their federal claims as defenses in the state proceeding. Federal courts presume that a state court is competent to determine issues of federal law, even if those issues involve federal constitutional claims. See Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 618-21 (9th Cir.2003) (discussing adequacy of the state forum in Younger abstention cases), petition for cert. filed, 72 U.S.L.W. 3309 (U.S. Oct. 13, 2003) (No. 03-606).
 
 
 22
 In short, Plaintiffs' claim for declaratory relief falls squarely within the Younger abstention doctrine. The district court did not err in dismissing that claim.
 
 
 23
 C. Dismissal of Plaintiffs' remaining claims for § 1983 damages was an appropriate application of the Younger abstention doctrine.
 
 
 24
 Whether Younger abstention should apply to claims for damages is a more complicated question under our precedents. Today, viewing our other precedents in the light of our en banc approach in Green, we hold that Younger abstention principles are properly invoked when a claim for damages interferes directly with a pending state proceeding.
 
 
 25
 1. Younger abstention is appropriate when granting monetary relief would interfere directly with a pending state proceeding.
 
 
 26
 The Supreme Court has not decided whether Younger applies to claims for money damages. See Deakins v. Monaghan, 484 U.S. 193, 202, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (reserving this question). However, in a related context, the Supreme Court rejected a per se rule limiting abstention to strictly "equitable" cases. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 729-31, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (disallowing abstention under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), in a suit for money damages but noting that "we have not held that abstention principles are completely inapplicable in damages actions").
 
 
 27
 A majority of other circuits have permitted some application of Younger abstention principles to claims for damages.[3] Courts have reasoned that a federal court's ruling on damages may be as "substantially disruptive" of state proceedings as would an injunction or a declaratory judgment. Guerro v. Mulhearn, 498 F.2d 1249, 1253, 1255 (1st Cir.1974); see also, e.g., Feaster v. Miksch, 846 F.2d 21, 24 (6th Cir.1988) (noting that the policy supporting abstention from some damages actions is the same as that requiring abstention from declaratory judgment actions), abrogation on other grounds recognized by Schilling v. White, 58 F.3d 1081, 1085-86 (6th Cir. 1995). Abstention has been held to be appropriate when a ruling on damages would necessarily call into question the validity of a state conviction, Williams v. Hepting, 844 F.2d 138, 144 (3d Cir.1988); Guerro, 498 F.2d at 1254, or necessarily require the resolution of issues that would determine the outcome of the state proceeding, Feaster, 846 F.2d at 24.
 
 
 28
 A review of our own precedents on the issue convinces us that a similar rule governs in this circuit, albeit not a rule that has been expressed clearly. In Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir.1986) (per curiam), we cited the "substantially disruptive" rule in approving abstention from a § 1983 claim for declaratory relief and money damages. Yet, after distinguishing Mann in Lebbos v. Judges of the Superior Court, 883 F.2d 810, 816-17 (9th Cir.1989),[4] we noted in Martinez v. Newport Beach City that "clear circuit precedent" disfavored application of Younger abstention to claims for damages.[5] 125 F.3d 777, 783 (9th Cir.1997), overruled on other grounds by Green, 255 F.3d at 1093. While disapproving of abstention in that case, the Martinez court explicitly refrained from deciding whether Younger abstention could ever be applied to a claim for damages. Id. A later opinion recognized the Ninth Circuit's "disfavor" of Younger abstention for claims for damages. Adam v. Hawaii, 235 F.3d 1160, 1163 (9th Cir.2001), overruled on other grounds by Green, 255 F.3d at 1093.[6]
 
 
 29
 These cases have bred confusion about whether, in general, Younger abstention applies to claims for damages in this circuit.[7] We believe that there is a recognizable thread running through our published precedents. Abstention is disfavored, but not forbidden, in cases involving § 1983 damages. The cases support a rule consistent with the en banc holding in Green-namely, that Younger abstention is appropriate in actions for money damages in those rare cases in which an adjudication of damages would interfere directly with a pending state proceeding. That is, courts must abstain when (but only when) a necessary predicate of the claim for damages undermines a necessary element in the pending state proceeding.
 
 
 30
 In many cases, that test will not be met. As the First Circuit has noted:
 
 
 31
 A denial of constitutionally protected rights may have occurred in the course of the events leading up to trial, yet may only be marginally relevant, or may even be entirely irrelevant, to the trial and appeal. For example, a false arrest, or an illegal search and seizure, or wiretap, may constitute a compensable wrong while not undergirding the validity of the criminal conviction to which it might be related.
 
 
 32
 Guerro, 498 F.2d at 1254.
 
 
 33
 Similarly, in neither Lebbos nor Martinez did the claims for damages seek "to enjoin, declare invalid, or otherwise involve the federal courts in terminating or truncating the state court proceedings." Green, 255 F.3d at 1098. In Lebbos, the court explicitly found that the plaintiffs' § 1983 claims for damages would not interfere with a pending state unlawful detainer action-presumably because the constitutional bases for the claims for damages differed from the constitutional basis for the plaintiffs' defense to the unlawful detainer action. See 883 F.2d at 817. In Green, as in Martinez, the pending state proceeding was a parallel civil suit filed by the federal court plaintiff; mere potential for conflicting results is not "interference" warranting federal court abstention. Green, 255 F.3d at 1097; Martinez, 125 F.3d at 779-80. Furthermore, the § 1983 action in Martinez sought "neither to restrain state proceedings nor to invalidate a state law." Id. at 781.
 
 
 34
 By contrast, although the Mann court's reasoning is not detailed, the court found that deciding the plaintiff's § 1983 claims for Sixth Amendment violations during the pendency of his state-court criminal prosecution would result in "`obvious'" potential for "`federal-state friction.'" 781 F.2d at 1449 (quoting Guerro, 498 F.2d at 1253). Thus, Mann also is consistent with the rule that we articulate here.
 
 
 35
 We emphasize that Younger abstention in § 1983 cases is warranted only in the rare situation in which adjudication of the claim for damages would interfere directly with a pending state proceeding. This limitation recognizes the "non-exhaustion rule." See Edwards v. Balisok, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (stating general rule that civil rights litigants need not exhaust state remedies); Patsy v. Bd. of Regents, 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (deciding that Congress did not intend to require litigants to exhaust available state remedies). As Green pointed out, abstention applies only when a state proceeding is pending, not when it is merely available. 255 F.3d at 1102. Moreover, the non-exhaustion rule is inapplicable to state proceedings, like the one here, that are coercive rather than remedial in nature. Id. at 1102 n. 16.
 
 
 36
 2. Plaintiffs' remaining claims for damages warrant abstention under the principles of Younger.
 
 
 37
 Consideration of Plaintiffs' remaining claims for damages would require the district court to decide issues that would be dispositive in the ongoing state civil enforcement proceeding. The claims involve (1) a claim of selective enforcement of the trade practices laws, in violation of the Equal Protection Clause; and (2) a claim that the state officials' plan to seek higher penalties in court if Plaintiffs did not submit the Assurance of Voluntary Compliance was retaliation for Plaintiffs' exercise of their First and Fourteenth Amendment rights to a court hearing. A ruling that the civil enforcement proceeding violates either the Equal Protection Clause or the First or Fourteenth Amendment would declare the ongoing state proceeding to be constitutionally invalid. Consequently, the threshold "interference" test for abstention is met in this case.
 
 
 38
 Turning to the three-factor Kenneally test, our analysis of the first and second factors is identical to that for Plaintiffs' claims for declaratory relief. Under factor three, the district court found that Plaintiffs made no showing that state procedural bars prevent them from pursuing their constitutional claims in the state proceeding. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14-17, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (stating that the burden rests on the federal plaintiff to show that state procedural law bars presentation of claims). Indeed, the state court not only can hear Plaintiffs' constitutional claims as defenses to the civil enforcement action, but also has the power to award monetary relief if Plaintiffs counterclaim for § 1983 damages. See Or. R. Civ. Proc. 22(A), (D)(1) (permitting counterclaims and joinder of additional parties); Or. R. Civ. Proc. 28(A)(permitting joinder of additional defendants if the right to relief is based on same transaction or occurrence and the action will include at least one common question of law or fact); Rogers v. Saylor, 306 Or. 267, 760 P.2d 232, 243 (1988) ("In sum, Oregon courts must hear section 1983 claims without limits on compensatory or punitive damages."); cf. Korean Buddhist Dae Won Sa Temple of Haw. v. City of Honolulu, 952 F.Supp. 679, 685 (D.Haw. 1996) (stating that the "[p]laintiffs can raise their federal claims as a counterclaim in the civil enforcement action pending in state court"). Thus, because Plaintiffs' requested relief was available in the state proceeding, we need not decide whether the third factor in the Younger abstention test requires that the requested relief be available in the state proceeding, or simply that the underlying claim may be adjudicated.[8]
 
 
 39
 3. Dismissal of Plaintiffs' remaining § 1983 claims for damages was appropriate under the Younger abstention doctrine.
 
 
 40
 The final question concerns whether the district court properly dismissed Plaintiffs' remaining claims for damages, rather than staying those claims pending the conclusion of the state proceeding The Supreme Court has said that courts invoking abstention principles may not dismiss claims for damages when monetary relief is unavailable in the pending state proceeding. See Deakins, 484 U.S. at 202, 108 S.Ct. 523(noting that, even if Younger abstention applied, the district court would have "no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding"). But where, as here, there is no procedural bar to obtaining full § 1983 relief in the state proceeding, the rule is less clear.
 
 
 41
 The Supreme Court has suggested that, in general, when abstention principles are invoked in actions for damages, courts must stay the claims for damages rather than dismissing them. See Quackenbush, 517 U.S. at 730, 116 S.Ct. 1712(stating that "we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether"). Several courts regard Quackenbush as having created an affirmative rule against dismissing claims for damages.[9] The courts of this circuit have found the opinion more ambiguous,[10] while still other courts have continued to affirm dismissals of claims for damages without addressing Quackenbush.[11]
 
 
 42
 Even assuming that Quackenbush states a definite rule against dismissal, we have recognized that, by preserving the holding of Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 115, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), the Quackenbush Court recognized an exception to the very rule it stated. See Martinez, 125 F.3d at 783 (discussing Quackenbush, 517 U.S. at 719, 116 S.Ct. 1712). Under this exception, the "`incidental insertion of a general claim'" for § 1983 damages will not prevent dismissal if " `the damages sought cannot be awarded without first declaring unconstitutional a state court [statute or] judgment on a matter [firmly] committed to the states.'" Id. at 783, 116 S.Ct. 1712(quoting Amerson v. Iowa, 94 F.3d 510, 513 (8th Cir.1996)).[12]
 
 
 43
 From the face of the complaint in this case, it is clear that Plaintiffs' claims for damages for selective enforcement and retaliation are merely "incidental" to their claims for declaratory relief. For example, their pleading is entitled a "Complaint for Declaratory Relief." And, as discussed earlier, awarding damages on the sole basis that the state proceeding violates the Equal Protection Clause or the First Amendment would require a declaration that the state proceeding is unconstitutional. Thus, these claims plainly are appropriate for dismissal under the Fair Assessment exception.
 
 
 44
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 Plaintiffs do not contend that any exception toYounger abstention would bar its application in this case. Cf. Kenneally, 967 F.2d at 332 (noting exceptions to Younger abstention for bad faith, harassment, or other extraordinary circumstances).
 
 
 [2]
 At oral argument, counsel reported that the state court had entered summary judgment in favor of Plaintiff American Consumer Publishing Association, Inc., although that order had not yet been reduced to a judgment. If and when the state proceedings against that Plaintiff are reduced to a judgment in its favor,Younger abstention no longer would apply to it.
 
 
 [3]
 See Carroll v. City of Mount Clemens, 139 F.3d 1072, 1077 (6th Cir.1998) (Moore, J., dissenting) (citing cases showing that the First, Third, Fourth, Eighth, Ninth, Tenth, and Eleventh Circuits have applied Younger to claims for damages, while the Fifth and Second have not); Simpson v. Rowan, 73 F.3d 134, 137 n. 6 (7th Cir.1995) (noting that a plurality of circuits applies Younger to claims for damages, and cataloguing various circuits' positions).
 
 
 [4]
 Lebbos distinguished Mann because, in Lebbos, (1) the § 1983 claims could not be adjudicated adequately in the state proceeding and (2) the claims for damages would not interfere with the state proceeding. 883 F.2d at 817; cf. Martinez v. Newport Beach City, 125 F.3d 777, 781 n. 5 (9th Cir.1997) (describing Lebbos as limiting Mann to cases in which the pending state proceeding is criminal in nature).
 
 
 [5]
 Other courts have disputed this characterization of pre-Martinez precedent. See Korean Buddhist Dae Won Sa Temple of Haw. v. City of Honolulu, 952 F.Supp. 679, 686 n. 7 (D.Haw.1996) (characterizing the Ninth Circuit's rule for application of Younger abstention to claims for damages as "unclear"); Simpson, 73 F.3d at 137 n. 6 (describing this court's pre-Martinez cases on the issue as "ambiguous").
 
 
 [6]
 The court inAdam did not definitively rule on whether Younger abstention applied. Instead, the court simply assumed that the criteria for abstention were met, but held that the district court nevertheless erred in dismissing, rather than staying, the claim for damages. 235 F.3d at 1163-64.
 
 
 [7]
 Our review of the numerous unpublished dispositions on this issue reveals that confusion in applying our precedents. Some panels rely onMartinez' "clear circuit precedent" and hold that abstention in actions for money damages is inappropriate. See, e.g., Bullock v. Town of Woodside, No. 99-15444, 2000 WL 734513, at *1 (9th Cir. June 7, 2000); Santa Clara County Corr. Peace Officers' Ass'n v. Bd. of Supervisors, No. 99-15216, 2000 WL 734387, at *2 (9th Cir. June 7, 2000). Others rely on Mann and hold that abstention in actions for money damages is appropriate under some circumstances. See, e.g., Davidson v. City of Bellflower, 31 Fed. Appx. 487, 488 (9th Cir. 2002); Burgie v. Contra Costa Sheriff's Dep't, 2 Fed.Appx. 786, 787 (9th Cir. 2001).
 
 
 [8]
 Compare Bridges v. Kelly, 84 F.3d 470, 477 (D.C.Cir.1996) (holding that the unavailability of § 1983 damages precludes dismissal under Younger), and Lebbos, 883 F.2d at 817 (holding the same), with Mann, 781 F.2d at 1449(holding abstention appropriate where the plaintiff could adequately litigate his deprivation-of-counsel claim, for which he had sought damages in federal court, in the state criminal proceeding).
 
 
 [9]
 See, e.g., DeMauro v. DeMauro, 115 F.3d 94, 98 (1st Cir.1997) (stating, in a Burford abstention case, that Quackenbush prohibits dismissal of claims for damages under any type of abstention); Amerson v. Iowa, 94 F.3d 510, 512-13 (8th Cir.1996) (stating that Quackenbush precludes dismissal of claims for damages on abstention principles).
 
 
 [10]
 See Martinez, 125 F.3d at 782-83(discussing the conflicting signals given in Quackenbush). The Ninth Circuit also cited Quackenbush in holding that a district court erred in dismissing, rather than staying, a claim for damages pending a state criminal prosecution, but did not state that Quackenbush required this result. Adam, 235 F.3d at 1163-64. We note that Green clearly overruled Adam's use of the abuse-of-discretion standard of review and held that courts have no discretion to retain jurisdiction over a claim for declaratory or injunctive relief if the elements of Younger are met. Green, 255 F.3d at 1092. However, the court in Green did not reach the question whether it would have been proper to dismiss claims for money damages. See Green, 255 F.3d at 1092 n. 7 (reserving this question and noting Adam's statement that this circuit "disfavors" applying Younger to claims for damages). In our view, the Green court simply did not deal with the application of Younger to claims for damages, and thus did not overrule Adam's reliance on Quackenbush in that regard.
 
 
 [11]
 See, e.g., Majors v. Engelbrecht, 149 F.3d 709, 714 (7th Cir.1998) (approving Younger-based dismissal of claims for damages when monetary relief is available in the pending state proceeding).
 
 
 [12]
 Consumer protection is a "matter firmly committed to the states" under their police powersCf. California v. ARC Am. Corp., 490 U.S. 93, 101, 109 S.Ct. 1661, 104 L.Ed.2d 86 (1989) (stating that the area of unfair business practices is traditionally regulated by the states).