OPINION
GRABER, Circuit Judge.
The question we decide here is whether the doctrine of Younger[1] abstention, on which the district court relied in entering a dismissal, barred this civil rights action. We answer “no” and, therefore, reverse and remand for further proceedings.
BACKGROUND[2]
Plaintiff Paul Douglas Gilbertson was a land surveyor who, since 1983, had held an *980 Oregon license to survey, issued by the State Board of Examiners for Engineering and Land Surveying (the “Board”). During his time as a surveyor, Plaintiff was an outspoken opponent of certain of the Board’s policies regarding the authority granted to county surveyors. In 1995, the deputy surveyor for Clackamas County filed a complaint with the Board relating to Plaintiffs performance. The complaint was assigned to a Board member with whom Plaintiff had a disagreement.
On January 10, 1998, the Board revoked Plaintiffs license on the ground that he was incompetent. The Board then granted Plaintiffs request to take the land surveyor licensing examination in April 1998. Plaintiff passed the examination; indeed, he received the highest score in Oregon on one portion of the test. The Board granted a license to every person who passed the examination except for Plaintiff.
After an administrative hearing, a hearings officer entered a proposed order finding that the Board had acted arbitrarily in denying reinstatement of Plaintiffs license, that a member of the Board had demonstrated bias against Plaintiff, that the Board’s denial of a license was inconsistent with its past practice, and that the deviation from normal procedures was unexplained. Nonetheless the Board refused to reinstate Plaintiffs license.
Plaintiff appealed both decisions — the revocation of his license and the refusal to reinstate it — to the Oregon Court of Appeals. That court affirmed the Board’s decision without opinion. Gilbertson v. Bd. of Exam’rs for Eng’g & Land Surveying, 183 Or.App. 145, 52 P.3d 449 (2002) (table).
While the appeals were pending in the Oregon courts, Plaintiff filed this action under 42 U.S.C. § 1983, seeking money damages. Plaintiff alleged that the Board had retaliated against him for the exercise of his First Amendment rights, violated his due process rights, and denied him equal protection of the laws. The district court dismissed the action on the basis of Younger abstention. This timely appeal followed. The Board contends that the district court’s decision to dismiss can be affirmed on any of three grounds: abstention, jurisdiction, and claim preclusion.
STANDARD OF REVIEW
We review de novo the dispositive question presented here: whether Younger abstention applies. Green v. City of Tucson, 255 F.3d 1086, 1092-93 (9th Cir. 2001) (en banc).
DISCUSSION
Interference with state proceedings is a threshold question that we must answer before analyzing further whether Younger abstention applies. Green, 255 F.3d at 1094-99; Am. Consumer Publ’g Ass’n v. Margosian, 349 F.3d 1122, 2003 WL 22705492, at *3 (9th Cir. Nov.18, 2003). Where, as here, money damages are at issue,
Younger abstention is appropriate ... in those rare cases in which an adjudication of damages would interfere directly with a pending state proceeding. That is, courts must abstain when (but only when) a necessary predicate of the claim for damages undermines a necessary element in the pending state proceeding.
Id. at *5.
That threshold test for interference is met except with respect to Plaintiffs First Amendment claim. A favorable ruling in federal court on the allegations that the Board’s procedures violated Plaintiffs rights to due process and equal protection necessarily “would declare the ongoing state proceeding to be constitutionally invalid. Consequently, the thresh *981 old ‘interference’ test for abstention is met.” Id. at *6. The First Amendment claim is different, because a federal court could award damages to Plaintiff on account of an unlawful motivation for the license revocation and the refusal to reinstate without invalidating either decision. Notably, in this regard, Plaintiffs § 1988 complaint did not ask that the court order reinstatement of his license. As Green pointed out, merely inconsistent results do not constitute interference. 255 F.3d at 1097 (“In short, as the [United States Supreme] Court has often repeated, the mere potential for conflict in the results of adjudications is not the kind of ‘interference’ that merits federal court abstention.” (internal citation and quotation marks omitted)). Therefore, as to the First Amendment retaliation claim, Younger abstention was not permissible because the requirement that a claim interfere with state proceedings was not met. Cf. Columbia Basin Apartment Ass’n v. City of Pasco, 268 F.3d 791, 800-01 (9th Cir.2001) (applying Green’s interference requirement).
As for the due process and equal protection claims, we turn to the remaining requirements for Younger abstention listed in Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir.1992), where we explained:
The three-part ... test requires federal courts to examine
(1) The nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in the state proceedings.
We hold that the first two requirements are met oh the due process and equal protection claims, but that the third is not:
(1) The Oregon administrative procedures implicate important state interests, including the interest in ensuring that only competent land surveyors be licensed to practice. See Or.Rev.Stat. § 672.200(2) (empowering the Board to refuse to issue, or to revoke, a land surveyor’s license for incompetence).
(2) The state proceedings were ongoing at the time the federal proceeding commenced. See Canatella v. California, 304 F.3d 843, 850 (9th Cir.2002) (holding that the relevant date to determine whether a state proceeding is ongoing is the date when the federal action commenced).
(3) The state forum provided an opportunity to litigate the due process and equal protection claims. Although the Oregon Court of Appeals ordinarily is limited to the administrative record in deciding a contested case, that court also may appoint a special master “to take evidence and make findings of fact” in cases that involve “disputed allegations of irregularities in procedure before the agency not shown in the record which, if proved, would warrant reversal or remand.” Or.Rev.Stat. § 183.482(7). In other words, the state appellate court had a means of developing a full factual record if it believed that one was necessary. We presume that a state court is competent to decide federal constitutional claims. Margosian, 349 F.3d 1122, 2003 WL 22705492, at *4.
However, there was no mechanism by which the state court could award damages for a legitimate claim. We are therefore required to resolve a question that we left open in Margosian: whether “the third factor in the Younger abstention test requires that the requested relief be available in the state proceeding, or simply that the underlying claim may be adjudicated.” Id. at *6 & n. 8. Agreeing with one of our *982 sister circuits, we now hold that, for Younger abstention purposes, the unavailability of § 1983 damages in the pending state proceeding precludes abstention.
In Bridges v. Kelly, 84 F.3d 470, 477 (D.C.Cir.1996), the D.C. Circuit held that the unavailability of § 1983 damages in a District of Columbia administrative appeal precluded dismissal under Younger. The Bridges court reasoned that
“the relief [appellants] seek in this ease is far broader than that which the local court could have granted in the administrative review proceeding.... There being no pending state ... proceedings that would have afforded appellants a full and fair opportunity to litigate their [federal] claims, the predicate for Younger abstention [i]s simply absent in this ease.”
Id. at 477-78 (quoting and adopting the reasoning of Dist. Props. Assocs. v. District of Columbia, 743 F.2d 21, 28 (D.C.Cir.1984) (emphasis removed)). One of our own cases, although distinguishable, points in the same direction.
We held in Lebbos v. Judges of Superior Court, 883 F.2d 810, 817 (9th Cir.1989), that Younger abstention was inappropriate because damages were not available in the pending state proceeding. Although persuasive, Lebbos is not dispositive. Although constitutional questions were raised in both the state and the federal proceedings, the claims were “wholly unrelated” to each other. Id. Therefore, the question whether the ability to bring the same claim in both state and federal actions, but to pursue a claim for damages only in the federal action, was not squarely presented.
In this case, Plaintiff could not have been awarded damages in the ongoing state proceedings. An award of damages on his due process and equal protection claims therefore would not have had a “substantially disruptive” effect on the ongoing state proceedings. Therefore, Plaintiffs action is not barred by Younger abstention.
The district court operated without the benefit of our opinion in Margosian. In the light of that decision and its extension here, it is now clear that Younger abstention did not apply to Plaintiffs claims. We therefore reverse the district court’s dismissal of Plaintiffs claims on Younger abstention grounds.
The Board argues that we should affirm the district court’s decision to dismiss on alternative grounds. Because the district court dismissed the case on Younger abstention grounds, it did not have occasion to address the Rooker-Feldman doctrine[3] and claim preclusion arguments raised by the Board. We think it appropriate for the district court to examine the merits of those arguments in the first instance. Therefore, we remand the ease to the district court for consideration of Defendants’ claims that Plaintiffs action is barred by the Rooker-Feldman doctrine[4] and by claim preclusion.
REVERSED and REMANDED.

. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

. Because the complaint was dismissed, we take the well-pleaded facts as true and draw all reasonable inferences in Plaintiffs favor. Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir.2001).

. Rooker v. Fidelity Tmst Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

. We note that we have also further expounded upon the law relating to the Rooker-Feldman doctrine in the time since the district court rendered its decision. See Noel v. Hall, 341 F.3d 1148 (9th Cir.2003).