Robert M. DAVIDSON; et al.,
Plaintiffs–Appellants,

v.

VIVRA INC.; et al., Defendants–
Appellees.

No. 03–17342.

D.C. No. CV–03–00110–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Vanessa E. Komar, Longview, TX, pro
se.

Scott L. Warfman, Scott L. Warfman
PA, Miami, FL, Paul E. Chronis, McDer-
mott Will & Emery, Chicago, IL, Peter
Collins, Jr., Gust Rosenfeld PLC, Kurt
Kroese, Chandler & Udall, LLP, Bruce R.
Heurlin, Karp, Heurlin & Weiss, P.C.,
Tucson, AZ, Jeanne E. Walker, Michael S.
McCarthy, Faegre & Benson LLP, Den-
ver, CO, Brian J. Butler, Bond Schoeneck
& King PLC, Syracuse, NY, for Defen-
dants–Appellees.

Before B. FLETCTHER, TROTT, and
PAEZ, Circuit Judges.

MEMORANDUM**

Robert M. Davidson appeals pro se the
district court's judgment dismissing his ac-
tion pursuant to the *Younger* abstention
doctrine. We have jurisdiction under 28
U.S.C. § 1291. After de novo review, *Baf-
fert v. Calif. Horse Racing Bd.*, 332 F.3d
613, 617 (9th Cir.2003), we affirm.

Davidson requested that the district
court stay the ongoing proceedings in
*Grossman v. Davidson*, Pima County Su-
perior Court Case No. C–333954 (the
"State Action"). Thus, there is " 'no
doubt' that the federal injunctive relief
would interfere directly with those pro-
ceedings." *Baffert*, 332 F.3d at 617 (*Youn-
ger* abstention proper where party sought
to enjoin state administrative proceedings).

Contrary to Davidson's contention,
*Younger* abstention is not limited to crimi-
nal proceedings. *See Columbia Basin*

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir.2001) ("The Younger principle applies to civil proceedings ... in which important state interests are involved."). Davidson's allegation that the Arizona statutory scheme regarding the withdrawal of counsel is unconstitutional is sufficiently important to invoke Younger abstention. Furthermore, there is no support for Davidson's contention that he was precluded from raising federal law claims in the state forum. See Am. Consumer Publ'g Ass'n, Inc. v. Margosian, 349 F.3d 1122, 1127 (9th Cir.2003) ("Federal courts presume that a state court is competent to determine issues of federal law, even if those issues involve federal constitutional claims."). Finally, Davidson contends that the withdrawal of counsel in the State Action deprived him of his federal constitutional rights and that the "extraordinary circumstances" exception to Younger abstention therefore applies. This contention lacks merit. See Baffert, 332 F.3d at 621 ("[T]he constitutional dimension of the error claimed does not, by itself, constitute an exception to the application of Younger abstention.").

Davidson's remaining contentions are similarly unpersuasive.

We deny all pending motions.

**AFFIRMED.**