Bret A. LANTZ; Hugh C. Lantz; Janice E. Lantz, Plaintiffs—Appellants,

v.

Daniel CRATE; Edward Gonzales; Carol Hanna; Kenneth Kreider; Brian Sandoval; David Spencer, Defendants—Appellees.

No. 06–15792.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed Feb. 27, 2008.

Jerry H. Mowbray, John L. Arrascada, Esq., Reno, NV, for Plaintiffs–Appellants.

Daniel Wong, Esq., William J. Geddes, Esq., Office of Attorney General, Darcy L. Johnson, Nevada State General Office, Carson City, NV, for Defendants–Appellees.

Before: THOMAS and BYBEE, Circuit Judges, and BLOCK *, Senior District Judge.

## MEMORANDUM **

Plaintiff–Appellants Bret A. Lantz, Hugh C. Lantz, and Janice E. Lantz ("the

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lantzes") appeal the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of their 42 U.S.C. § 1983 action against employees and members of the State of Nevada Private Investigator's Licensing Board. The district court dismissed all six counts in the complaint as to all defendants. We reverse and remand.

## I

■ The district court erred in concluding that the defendants were entitled to absolute immunity, a decision we review de novo. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir.2004). "Under certain circumstances, absolute immunity is ... extended to agency representatives performing functions analogous to those of a prosecutor or a judge." *Id.* at 923. In calling the credit bureaus and informing them that the Lantzes were operating their business in violation of Nevada state law, Kreider was not acting as a prosecutor or a judge. At best, he was acting as an investigator. Thus, under the functional approach, *id.,* Kreider is not entitled to the protections of absolute immunity.

## II

■ The district court also erred in its alternative holding that the defendants were entitled to qualified immunity, a decision that we also review de novo. *Beier v. City of Lewiston,* 354 F.3d 1058, 1064–65 (9th Cir.2004). In determining whether a government officer is entitled to qualified immunity, courts first inquire as to "whether a constitutional right would have been violated on the facts alleged." *Saucier v. Katz,* 533 U.S. 194, 200, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Here, the Lantzes allege that Kreider's actions violated their constitutionally protected prop-

erty rights. The Lantzes' interest in the goodwill of their business is a property interest entitled to constitutional protection; they cannot be deprived of it without due process of law. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1316 (9th Cir. 1989); *see also* Nev.Rev.Stat. § 361.228 (2005) (classifying goodwill as "intangible personal property" for the purposes of taxation); *State v. Cowan,* 120 Nev. 851, 103 P.3d 1, 4–5 (2004) (en banc) (treating goodwill as a property interest in the context of a condemnation proceeding); *Ford v. Ford,* 105 Nev. 672, 782 P.2d 1304, 1309 (1989) (per curiam) (treating goodwill as property in the context of a dissolution proceeding).

This right was clearly established at the time of Kreider's actions. *See Saucier,* 533 U.S. at 200, 121 S.Ct. 2151 (describing the second inquiry). The Lantzes alleged a colorable violation of constitutional rights and a basis for finding that the defendants were not entitled to qualified immunity from suit. The district court erred in concluding otherwise and dismissing the action.

■ The Lantzes have also alleged a colorable violation under the so-called "stigma-plus" theory of *Paul v. Davis,* 424 U.S. 693, 703, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). The defamatory harm to the Lantzes' reputation caused by Kreider's phone calls to the credit bureaus would not, standing alone, constitute a due process violation. *Id.* However, the Lantzes have alleged that Kreider's calls were made with the purpose of, and had the effect of, causing the credit bureaus to terminate their contracts with the Lantzes and cease providing the Lantzes with the information which was their sole line of business. It would have been foreseeable that cutting off the Lantzes' entire supply

of credit information would necessarily cause their business to lose clients. Thus, the Lantzes have alleged "that the defamation [was] accompanied by an injury directly caused by the Government." *Am. Consumer Publ'g Ass'n, Inc. v. Margosian,* 349 F.3d 1122, 1126 (9th Cir.2003) (quotation marks omitted and emphasis removed). Because this right was clearly established at the time of Kreider's actions, the district court erred by granting qualified immunity on this claim.

### III

■ A supervisor is only liable for the constitutional violations of her subordinates if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989). Here, because the Lantzes allege that Carol Hanna knew of Kreider's actions and told Kreider that he had permission to inform the credit bureaus that the Lantzes were violating state law, the district court erred in dismissing the Lantzes' complaint against Hanna.

**REVERSED AND REMANDED.**

---

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.