**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO DE LA FUENTE MANRIQUEZ, husband and CECELIA DE LA FUENTE, wife,<br><br>       Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF PHOENIX; et al.,<br><br>       Defendants - Appellees. | No. 14-15811<br><br>D.C. No. 2:11-cv-01981-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding
David G. Campbell, District Judge, Presiding

Argued and Submitted June 15, 2016
San Francisco, California

Before: TALLMAN, CLIFTON, and IKUTA, Circuit Judges.

Plaintiffs Mario De La Fuente Manriquez and Cecelia De La Fuente appeal

the district court's denial of their motion to amend their Complaint and the district

court's order denying their motion for partial summary judgment and granting the

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

City Defendants'[1] and State Defendants'[2] motions for summary judgment. We affirm.

(1) The district court did not abuse its discretion in denying Plaintiffs' motion to amend their Complaint. Plaintiffs filed their motion to amend after entry of the district court's case management order and after expiration of that order's 60-day deadline for joining parties and amending pleadings. Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order can be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party's failure to act diligently is determinative. *Id.*

Plaintiffs failed to show good cause to amend the district court's scheduling order. Although Plaintiffs complain that they did not receive the City's initial disclosure statement until February 15, 2012, the day after the scheduling order's

---

[1] The City of Phoenix, Jeff Kornegay, Jack F. Harris, John Collins, James Holmes, Steve Garcia, and Lana Laker.

[2] The State of Arizona and Ted Campagnolo.

deadline for joining parties and amending pleadings, they provide no explanation as to why they did not seek to modify the scheduling order prior to or at that time. Even if they lacked a clear reason to seek modification after receiving the City's initial disclosures, Sergeant Doty's potential involvement in the decision to use a SWAT team was evident from deposition testimony elicited in March 2012. Instead of seeking modification of the scheduling order at that time, Plaintiffs waited until June 29, 2012, approximately three months later, to file a motion to amend the Complaint. Plaintiffs failed to exercise reasonable diligence and the district court did not abuse its discretion in denying their motion.

(2) The district court did not err in granting summary judgment to Campagnolo on Plaintiffs' malicious prosecution claims on the basis of prosecutorial immunity. Plaintiffs argue that Campagnolo is not entitled to absolute immunity because of certain pre-indictment and post-indictment activities, but contrary to Plaintiffs' contentions, Campagnolo's involvement in those activities was not investigatory. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Absolute immunity [] protects those functions in which the prosecutor acts as an 'advocate for the State,' even if they 'involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'" (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Plaintiffs also

3

contend that Campagnolo lacks immunity in connection with his provision of legal advice, but their argument is conclusory and without support in the record.

(3) In their opening brief, Plaintiffs did not challenge the district court's summary judgment ruling in favor of the State on Plaintiffs' malicious prosecution claims. That challenge is therefore waived. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). Plaintiffs' statement in their Notice of Appeal that they are appealing the district court's grant of the State's summary judgment motion is insufficient to preserve the challenge. *See id.*

(4) The district court did not err in granting summary judgment to the City Defendants on Plaintiffs' malicious prosecution claims. Campagnolo's exercise of independent judgment immunized the individual City Defendants from liability. *See Newman v. Cty. of Orange*, 457 F.3d 991, 993 (9th Cir. 2006) (the "filing [of] a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981)) (alterations in original omitted)). Plaintiffs failed to rebut the presumption of prosecutorial independence.

4

Because the individual City Defendants are immune, there is no basis for liability on the part of the City itself.

(5) The district court did not err in granting summary judgment to the City Defendants on Plaintiffs' excessive force and destruction of property claims. Plaintiffs challenge the district court's ruling on those claims only to the extent it relates to the denial of their motion to amend their Complaint. Because the district court did not err in denying the motion to amend, there is no basis to alter the district court's summary judgment ruling.

(6) The district court did not err in granting summary judgment to the City Defendants on Plaintiffs' defamation claims under section 1983. Plaintiffs failed to satisfy the "stigma-plus" test necessary to sustain their claims. *See Am. Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125 (9th Cir. 2003). Under that test, a plaintiff must either show that "injury to reputation was inflicted in connection with a federally protected right" or that "injury to reputation caused the denial of a federally protected right." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999). Damage to reputation alone is insufficient. *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006).

Plaintiffs contend that De La Fuente's reputational harm, inflicted in connection with his unconstitutional arrest and incarceration, satisfies the stigma-

plus test. De La Fuente, however, was arrested following a grand jury indictment. "[P]robable cause for an arrest 'may be satisfied by an indictment returned by a grand jury'" as long as the indictment was valid. *Hart*, 450 F.3d at 1070 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)). Although the grand jury indictment was dismissed, there is no evidence that the indictment was dismissed because of a lack of probable cause to arrest Manriquez, and a state court judge independently concluded that there was probable cause to arrest him. Accordingly, there is no evidence that Manriquez suffered an injury to reputation in connection with an unlawful arrest. Therefore, Manriquez did not raise a genuine issue of material fact that he satisfied the "plus" prong of the "stigma plus" test on this basis. *See Margosian*, 349 F.3d at 1126.

Plaintiffs also argue that the stigma-plus test is satisfied because De La Fuente was defamed in connection with an effort to deny him a fair and impartial jury. Even if this argument was sufficiently raised below such that it can be considered on appeal, it is without merit. Plaintiffs fail to produce any evidence suggesting that De La Fuente's right to a fair and impartial jury was violated. Their conclusory assertions are insufficient to avoid summary judgment.

In connection with their defamation claims under section 1983, Plaintiffs request that this court permit them to supplement the record on appeal so that they

6

may add evidence of damage De La Fuente allegedly suffered as a result of being defamed. Plaintiffs contend that this evidence would "clearly satisfy the 'plus' portion of the so-called stigma plus test."

Plaintiffs' request is denied. Except in "unusual circumstances," this court considers only material that was presented to the district court. *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Under Rule 10(e)(2) of the Federal Rules of Appellate Procedure, this court may permit supplementation of the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Nothing in Plaintiffs' motion suggests that the evidence at issue was omitted by "error or accident." Plaintiffs acknowledge that they had no intention of including this information earlier. Plaintiffs contend that this court should exercise its inherent authority to supplement the record, but that authority may only be exercised in "extraordinary cases." *Lowry*, 329 F.3d at 1024. There is nothing extraordinary about Plaintiffs' supplementation request. Plaintiffs were fully aware that satisfaction of the stigma-plus test was at issue in the district court, and it was Plaintiffs' burden to demonstrate that element of their claim. *See S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

Given that Plaintiffs may not supplement the record to include evidence of damage allegedly suffered as a result of defamation, there is nothing in the record

7

to support Plaintiffs' argument that they have satisfied the stigma-plus test by demonstrating that injury to reputation caused the denial of a federally protected right.

(7) The district court did not err in granting summary judgment to the City Defendants on Plaintiffs' state law defamation claim. Qualified immunity protects the individual City Defendants absent objective malice. *See Chamberlain v. Mathis*, 729 P.2d 905, 913 (Ariz. 1986). Plaintiffs failed to demonstrate objective malice. *See id.* (to show objective malice, a plaintiff must establish that "a reasonable person, with the information available to the official," could not have "formed a reasonable belief that the defamatory statement in question was true and that the publication was an appropriate means for serving the interests which justified the privilege"). A reasonable person could have formed a reasonable belief that the defamatory statements in question were true.

With respect to the City of Phoenix, Plaintiffs contend that it can be held liable for defamation even if the individual City Defendants are immune. As the district court noted, there is no basis to hold the City liable under *respondeat superior* given the individual City Defendants' immunity. Plaintiffs cite case law regarding direct municipal liability in their opening brief, but by

doing so, Plaintiffs impermissibly attempt to change their theory on appeal.  Before

the district court, Plaintiffs explicitly relied solely on respondeat superior liability.

**AFFIRMED.**